

STEVEN M. TINDALL (State Bar No. 187862)
ZACHARY CINCOTTA (State Bar No. 226947)
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

ELLYN MOSCOWITZ (State Bar No. 129287)
LAW OFFICES OF ELLYN MOSCOWITZ
8400 Enterprise Way, Suite 201
Oakland, California 94621
Telephone: (510) 567-8400
Facsimile: (510) 567-8444
emoscowitz@moscowitzlaw.com

Attorneys for Individual and Representative Plaintiffs
GERALD LEE and STEVEN TAYLOR

ORIGINAL FILED
07 SEP 25 PM 3:29
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA** SI

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC,<br><br>Defendant. | **<u>CLASS ACTION</u>**<br><br>**CASE NO.:** C 07 4956<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Individual and Representative Plaintiffs Gerald Lee and Steven Taylor, on behalf of themselves and all others similarly situated, complain against Defendant ConAm Inspection and Engineering Services, Inc. ("ConAm") as follows:

## INTRODUCTION

1. Plaintiffs bring this action on behalf of a proposed state-wide California class of employees to challenge ConAm's unlawful practice of requiring its employees to work an alternative workweek schedule (or "AWS") of four ten-hour days within a workweek (and, at times, nine nine-hour days within a 14-day span) without paying employees the overtime wages they were and are due for all hours worked in excess of eight hours per day, and without complying with applicable provisions of law in implementing such a schedule, including California Labor Code §§510 and 511 and Industrial Welfare Commission Wage Order 16-2001, codified at 8 CCR §11160.

2. Plaintiffs also challenge ConAm's (a) failure to provide meal breaks to employees as mandated by Labor Code §226.7 and 512 and Wage Order 16-2001; (b) failure to provide accurate itemized wage statements, as required by Labor Code §226; and (c) failure to pay terminated employees all wages they are due at the time of termination, in violation of California Labor Code §§ 201, 202 and 203.

3. Plaintiffs bring this action on behalf of themselves and a proposed plaintiff class of all nonexempt on-site construction workers, on-site testing technicians, and on-site inspectors employed by Con-Am in California from September 2003 until the present. Plaintiffs seek recovery of unpaid overtime compensation, compensation for missed meal breaks, restitution, statutory penalties, declaratory and injunctive relief, and attorneys' fees and costs.

## JURISDICTION

1. Plaintiffs have complied fully with all prerequisites for jurisdiction in this Court. Jurisdiction is proper over Plaintiffs' claims under 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy meets jurisdictional requirements:

(a) Plaintiffs are citizens of the State of California.

(b) Plaintiffs allege on information and belief that Defendant ConAm is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of New Jersey.

(c) The amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court also has original jurisdiction over this action pursuant to the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), in that (1) there are at least 100 proposed class members; (2) the members of the proposed class are citizens of the State of California; (3) Defendant is a Delaware corporation with its principal place of business in New Jersey and (4) the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 in that ConAm is located within this district and is subject to personal jurisdiction within this district. Moreover, ConAm's principal place of business in California is located in Benicia.

**THE PARTIES**

4. Plaintiff Gerald Lee is an adult who, at all times relevant hereto, was a resident of California. From approximately 1999 until April 2007, Plaintiff Lee was employed in California by ConAm as a nonexempt, skilled, on-site mechanical inspector.

5. Plaintiff Steven Taylor is an adult who, at all times relevant hereto, was a resident of the State of California. During 2004 and 2005, Plaintiff Taylor was employed in California by Defendant as a nonexempt, skilled testing inspector.

6. Defendant ConAm Inspection & Engineering Services, Inc. ("ConAm") is a Delaware corporation with its principal place of business located in New Jersey. ConAm is a division of Mistras Group, Inc. ConAm is licensed to do business, and does business, in and throughout the State of California. On information and belief, Plaintiffs allege that during the proposed class period, as defined below, ConAm has employed several hundred workers in the State of California, and at any given time, may employ over one hundred California nonexempt employees in on-site construction, testing, and inspection occupations.

**FACTUAL ALLEGATIONS**

7. At all times relevant herein, ConAm provided onsite testing and inspection services for oil refineries and petrochemical plants throughout California. As part of this business, ConAm employs skilled inspectors and testing technicians in California to perform services and to work on projects under the management and control of ConAm at oil refineries, petrochemical plants and other facilities owned by third parties in California. Plaintiff Lee was employed by ConAm as an inspector and technician who performed ultrasound, penetrant testing, magnetic particle testing and visual inspections for ConAm from 1999 until 2007. Mr. Lee worked at a number of different facilities as directed by ConAm, including at the BP refinery in Carson, the Exxon/Mobil refinery in Torrance, and a power plant in Pittsburg, California. Plaintiff Taylor was employed by ConAm as an inspector and technician who performed X-Ray testing and penetrant testing for ConAm from 2004 until 2005. During his period of employment with ConAm, Mr. Taylor worked at various project locations, including at the BP refinery in Carson, a pipeline in Manhattan Beach, and a power plant in the Long Beach area.

8. Plaintiffs Lee and Taylor were, at all relevant times herein, employed by ConAm as nonexempt employees who were paid hourly wages, in on-site construction occupations, as defined by Industrial Welfare Commission Wage Order 16-2001, 8 CCR §11160(2)(C) (hereinafter "Wage Order 16").

9. California Labor Code §510 provides, *inter alia,* that eight hours of labor constitutes a day's work, and that any work in excess of eight hours in one workday and any work in excess of 40 hours in one week must be compensated at an overtime rate of one and one-half times the regular rate of pay of the employee. Wage Order 16 sets forth the same requirement with respect to mandated overtime pay for employees working in on-site construction occupations.

10. California Labor Code §511(a) provides, *inter alia,* that upon the proposal of an employer, the employees of an employer may adopt a regularly scheduled "alternative workweek" under which employees may work no more than 10 hours per day within a 40-hour

week, without payment of overtime compensation (an "Alternative Workweek Schedule" or "AWS"). Section 511(a) further provides that "[a] proposal to adopt an alternative workweek schedule shall be deemed adopted only if it receives approval in a secret ballot election by at least two-thirds of affected employees in a work unit." Wage Order 16, which applies to on-site construction occupations, sets forth further and more detailed requirements that an employer must follow in order to adopt a valid AWS under which employees may be required to work four 10-hour days without payment of overtime compensation for work performed in excess of 8 hours per day.

11. Among other provisions, Wage Order 16 requires that the AWS be approved by at least two-thirds of the affected employees in a work unit, that the employer make a written disclosure to the affected employees concerning the proposed arrangement prior to the election and that the disclosure be in both English and in a non-English language if at least five percent of the affected employees primarily speak that non-English language; that the results of the election be reported to the Division of Labor Statistics and Research ("DLSR"), and that the report to the DLSR include the final tally of the vote, the size of the unit, and the nature of the business of the employer. Wage Order 16(3)(C)(1), (7).

12. Wage Order 16 also requires that a new secret ballot election be held if "the number of employees that are employed for at least 30 days in the work unit that adopted an alternative workweek schedule increases by 50% above the number who voted to ratify the employer proposed alternative workweek schedule . . ." Wage Order 16(3)(C)(6).

13. During the time they were employed by ConAm, commencing in approximately 2000 and continuing through 2007, Plaintiffs were required to work, and did work, an AWS of four 10-hour days (the "4/10 AWS"). On information and belief, Plaintiffs allege that ConAm instituted a 4/10 AWS for most of its non-exempt construction, inspection, and testing employees, at work sites throughout California, in or about early 2000, and has maintained that schedule for most (if not all) of its non-exempt construction, inspection, and testing employees through the present.

14. Plaintiffs Lee and Taylor never received overtime compensation for the hours they worked in excess of 8 hours per day but less than 10 hours per day while they were employed by ConAm and working on the 4/10 AWS.

15. On information and belief, Plaintiffs allege that Defendant ConAm has not, at any time since implementation of the 4/10 AWS in early 2000, paid overtime wages to its nonexempt hourly on-site construction, testing, and inspection employees for the 9th and 10th hours worked each day (*i.e.*, for the two hours worked in excess of 8 hours per day under the 4/10 AWS).

16. On information and belief, Plaintiffs Lee and Taylor allege that they never participated in any secret ballot election complying with the procedures of Labor Code §511, 517(a), and Wage Order 16 wherein ConAm employees were given the opportunity to vote on whether to accept the 4/10 Alternative Workweek Schedule. To Plaintiffs' knowledge, ConAm either failed entirely, prior to implementing the 4/10 AWS in early 2000, to conduct any such election at the work sites at which Plaintiffs were employed—and at other work sites throughout California at which members of the proposed class were employed—or, if any such elections were held, ConAm failed to comply fully with the election and reporting procedures as required by Labor Code §511, 517(a), and Wage Order 16.

17. In particular, and without limitation, ConAm failed to hold any AWS elections at all at most of ConAm's work sites throughout California and, even at the work site or work sites at which ConAm held an AWS election, ConAm failed to file a report for each such election with the Division of Labor Statistics and Research (or "DLSR") containing the tally of the vote, the size of the unit, and the nature of ConAm's business.

18. On information and belief, Plaintiffs allege that, in addition, even at those work sites at which ConAm did conduct a secret ballot election prior to implementing the 4/10 AWS, if any, such elections did not comply fully with the election and reporting procedures as required by Labor Code §§ 511, 517(a), and Wage Order 16. The failure to comply with such election reporting procedures required ConAm to conduct a subsequent election that complied with such procedures—something ConAm has not done. Accordingly, even at those work sites at which elections were held prior to early 2000, if any, ConAm may have been required to hold one or

more additional and subsequent elections in order to ratify on a continuing basis the 4/10 AWS. On information and belief, Plaintiffs allege that no such subsequent elections were held. In addition, the size of the work unit has, on one or more occasions subsequent to early 2000 when the 4/10 AWS was implemented, may have increased by 50 percent above the number of employees who voted to ratify the AWS. Accordingly, even at those work sites at which elections were held prior to early 2000, if any, ConAm may have been required to hold one or more additional and subsequent elections in order to ratify on a continuing basis the 4/10 AWS. On information and belief, Plaintiffs allege that no such subsequent elections were held.

19. Accordingly, at a number of work sites throughout California, including sites at which the Plaintiffs were employed, ConAm has required, and continues to require, that employees work a 4/10 AWS, without payment of overtime compensation, and without valid ratification as required by Labor Code §511 and the provisions of Wage Order 16.

20. Labor Code §226 provides that every employer is required, "semimonthly or at the time of each payment of wages," to provide each of his or her employees an itemized wage statement, including *inter alia,* the total hours worked by the employee (except for salaried employees), and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

21. During the respective periods that Plaintiffs were employed by ConAm, ConAm failed to provide full and accurate itemized wage statements as required by Labor Code §226 in that the wage statements provided did not include the correct hourly rates of pay in effect during the pay period. The wage statements provided by ConAm to Plaintiffs and to other members of the proposed class were incomplete and defective in that they did not include and state the hourly rates (including the proper overtime hourly rates) at which employees were paid and the correct "corresponding number of hours worked at each hourly rate by the employee." Labor Code §226.

22. During the respective periods that Plaintiffs were employed by Defendant ConAm, Plaintiffs were occasionally required to work shifts of more than 10 hours, including occasions on which Plaintiffs were required by ConAm to work 12-hour shifts. When Plaintiffs

and other employees of ConAm were required to work shifts of more than 10 hours, they were often not provided a second meal break of at least 30 minutes, as required by Labor Code §512, Labor Code §226.7 and Wage Order 16(10)(B). On information and belief, Plaintiffs allege that they and proposed class members regularly did not waive their rights to a second meal break by mutual consent with ConAm.

## CLASS ACTION ALLEGATIONS

23. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and a proposed class of similarly situated employees of Defendant ConAm. The proposed Plaintiff Class that Plaintiffs seek to represent consists of:

> All persons who are, have been, or were employed in California by Defendant ConAm, or its predecessors, as a non-exempt employee in an on-site construction, inspection, or testing occupation on any date between September 25, 2003 and the time of judgment in this action.

24. The members of the proposed class as described above are so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of non-exempt on-site inspection employees employed by ConAm at any given time, but are aware that the number is well over one hundred. Plaintiffs estimate that over the course of the class period, ConAm has employed several hundred nonexempt on-site construction, inspection, and testing employees in California. The number and identity of class members would be readily apparent from the business and employment records of ConAm.

25. There are numerous questions of law and fact common to the class that predominate over individual questions, including without limitation, the following:

a. Whether Defendant ConAm violated Labor Code §§ 510, 511 and Wage Order 16 in implementing and requiring its employees to work a 4/10 AWS;

b. Whether ConAm failed to conduct proper secret ballot elections at each work site prior to implementing and requiring its employees to work a 4/10 Alternative Workweek;

c. Whether ConAm failed to file full, accurate, and complete reports of any such secret ballot elections with the DLSR, as required by Wage Order 16(3)(C)(7);

d. Whether Defendant failed to pay overtime compensation as required by Labor Code §§510 and 511 and Wage 16 to employees that were required to work in excess of 8 hours per day on a 4/10 AWS that was never properly ratified, and whether employees are owed such unpaid overtime compensation;

f. Whether the number of employees employed for at least 30 days in any work unit that adopted a 4/10 AWS by way of an election increased by 50% above the number who originally voted to ratify the AWS, such that Defendant ConAm was required to conduct a new ratification election, as required by Wage Order 16(3)(C)(6);

g. Whether Defendant ConAm conducted any new ratification election pursuant to Wage Order 16(3)(C)(6) when the size of any work unit that adopted a 4/10 AWS by way of an election increased by 50% above the number of employees who originally voted to ratify a 4/10 AWS;

i. Whether ConAm failed to provide the class members proper itemized wage statements in compliance with Labor Code §226;

k. Whether ConAm failed to provide second meal breaks to members of the class when they were required to work shifts longer than 10 hours, as required by Labor Code §512 and Wage Order 16(10); and

l. Whether ConAm should be ordered and enjoined to cease ongoing violations of the Labor Code as alleged above.

26. The claims of Plaintiffs Lee and Taylor are typical of the claims of the members of the proposed class, as described above.

27. Plaintiffs will fairly and adequately protect the interests of all proposed class members. Plaintiffs have no interests that are antagonistic to those of the proposed class, and are not subject to any unique defenses. Plaintiffs have also retained counsel who are experienced in class actions and in representing the rights of employees.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the proposed class will be readily identifiable from the records of Defendant ConAm. Although the members of the proposed class were employed at more than one work site within California, the total number of work sites is limited, and the facts will not vary significantly because there were uniform policies, procedures, and practices at most, if not all, of ConAm work sites. It would be economically impracticable for individual employees to prosecute separate actions. Separate actions would also impose excessive and unnecessary burdens on the court system, and would potentially lead to varying, inconsistent and/or contradictory judgments. If each individual worker were required to file his or her own separate action, it is likely that many workers would go without redress, and justice would not be served.

29. Class Certification of the First, Second, Third, Fourth, Fifth, and Sixth causes of action is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. ConAm's common and uniform policies and practices unlawfully fail to pay Plaintiffs and class members for overtime hours worked and unlawfully failing to provide second meal periods when Plaintiffs and class members worked more than ten hours in a day. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

///

///

///

///

///

**FIRST CAUSE OF ACTION**
**(Unfair Competition In Violation Of California Business And Professions Code §17200, *Et Seq.*; *Alternative Workweek Schedule*)**

30. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 29 above as though set forth fully herein.

31. The California Unfair Competition Law (hereinafter referred to as the "UCL"), Business and Professions Code § 17200, *et seq*., defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair competition to bring an action for relief under the statute. The UCL also provides that a court may enjoin acts of unfair competition, issue declaratory and other equitable relief, and order restitution of money or property acquired by means of unfair competition.

32. Beginning on an exact date unknown to Plaintiffs, but at least since September 25, 2003, ConAm has committed acts of unfair competition proscribed by Business and Processions Code § 17200, *et seq*., including the acts and practices alleged herein.

33. At all times relevant herein, ConAm was an "employer" of Plaintiffs and members of the proposed class within the meaning of Labor Code §§510 and 511 and Wage Order 16(2)(I).

34. At all times relevant herein, Plaintiffs and members of the proposed class were "employees" of ConAm within the meaning of Labor Code §§510 and 511 and Wage Order 16(2)(H). Plaintiffs and members of the proposed class were also, at all relevant times herein, employed by CONAM in on-site construction occupations, as defined in and within the meaning of Wage Order 16(2)(C).

35. The acts and practices of ConAm, as hereinabove alleged, constitute unlawful business practices in that ConAm, in or about early 2000 began requiring its employees, including Plaintiffs and members of the proposed class, to work a 4/10 AWS, without following

and complying with the requirements and procedures set forth in Labor Code §511 and Wage Order 16(3)(C) for a secret ballot election by employees to ratify such a schedule, and thereafter failed to pay Plaintiffs and members of the proposed class overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked in excess of 8 hours per day, in violation of Labor Code §§510, 511 and Wage Order 16(3)(A).

36. As alleged above, ConAm either failed entirely to conduct proper secret ballot elections of employees at one or more work sites prior to implementing an AWS as required by Wage Order 16(3)(C), or if such an election was held, failed to file a full and proper report concerning such election with the DLSR as required by Wage Order 16(3)(C)(7).

37. As a result of its failure to comply with Labor Code §511 and Wage Order 16(3)(C) in adopting, implementing, and maintaining an AWS, ConAm was not excused from paying overtime compensation to Plaintiffs and members of the proposed class for all hours they worked in excess of 8 hours per day and in excess of 40 hours per week, and Defendant was required, pursuant to Labor Code §510 and Wage Order 16(3)(A) to pay overtime compensation of one and one-half times the regular rate of pay for all such hours worked, but failed and refused to do so.

38. The acts and practices of Defendant ConAm as alleged above also constitute unfair business practices in that these acts and practices are contrary to law, violate public policy as reflected in the applicable provisions of the Labor Code, and are substantially injurious to workers. The acts and practices also constitute fraudulent business practices in that workers are likely to be deceived as to their legal rights and remedies.

39. Plaintiffs and members of the proposed class lost money as a direct result of the unlawful practices of ConAm as alleged above in that they provided their labor and worked the hours mandated by Defendant, but were not paid the overtime compensation to which they were and are entitled pursuant to Labor Code §510 and Wage Order 16(3)(A). Reimbursement of unpaid overtime compensation for labor that has been performed by an employee is in the nature of restitution within the meaning of, and as authorized by, the UCL. Accordingly, Plaintiffs and

members of the proposed class are entitled to restitution of overtime compensation in an amount to be proven at the time of trial.

40. Defendant ConAm's violations of Labor Code §§510, 511, and Wage Order 16, as alleged above, are ongoing, and will continue until and unless this Court enters an injunction barring such violations.

41. Plaintiffs are entitled to an award of attorneys' fees, costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5 and Labor Code §1194.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Unfair Competition In Violation Of California Business And Professions Code §17200, *Et Seq.*; *Second Meal Breaks*)**

42. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 41 above as though set forth fully herein.

43. As alleged above, Plaintiffs and members of the proposed class were required by ConAm at various times to work more than 10 hours in a single day, including, occasionally, 12-hour shifts. On such occasions, when Plaintiffs and members of the proposed class worked more than 10 hours on a single day, Defendant ConAm had a policy and practice of refusing and/or failing to provide employees a second meal break of not less than 30 minutes, as required by Labor Code §512(a) and Wage Order 16(10)(B). On information and belief, Plaintiffs allege that they and members of the proposed class regularly did not waive their rights to a second meal break.

44. Defendant's practice of failing to provide employees a second meal break of not less than 30 minutes when employees were required to work more than 10 hours in a day, and of requiring employees to work through such meal periods, constitutes an unlawful business practice in violation of the UCL in that this practice violated Labor Code §226.7, §512(a) and Wage Order 16(10)(B).

45. The acts and practices of ConAm as alleged above in failing to provide second meal breaks also constituted an unfair business practice in that said acts and practices are contrary to law, violate public policy as reflected in the applicable provisions of the Labor Code, and are substantially injurious to workers. The acts and practices also constitute fraudulent business practices in that workers are likely to be deceived as to their legal rights and remedies.

46. Plaintiffs and members of the proposed class lost money and property as a direct result of the unlawful practices of ConAm as alleged above in that they were required to work shifts in excess of 10 hours, were not provided a second meal break, were required to provide "free" work during what should have been a meal period, and were not compensated for having been denied a second meal break. Reimbursement of unpaid wage and overtime compensation for labor that has been performed by an employee is in the nature of restitution within the meaning of, and as authorized by, the UCL. Accordingly, Plaintiffs and members of the proposed class are entitled to restitution for each meal break they were wrongfully denied.

47. Defendant ConAm's violations of Labor Code §§226.7, 512 and Wage Order 16, as alleged above, are on-going, and will continue until and unless this Court enters an injunction barring such violations.

48. Plaintiffs are entitled to an award of attorneys' fees and costs and expenses incurred in this action pursuant Code of Civil Procedure §1021.5 and Labor Code §1194.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Claim for Unpaid and Overtime Compensation;**
**Labor Code §1194)**

49. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 48 above as though set forth fully herein.

50. California Labor Code §1194 authorizes "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee . . . to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

51. As alleged above, and for the reasons alleged above, Plaintiffs and members of the proposed class are entitled to unpaid wages and overtime compensation for *inter alia,* (1) all hours worked in excess of 8 hours per day under a 4/10 AWS that was adopted, implemented, and continued by Defendant in violation of the provisions of the Labor Code §511 and Wage Order 16(3)(C). These amounts will be discernable from the records of Defendant and will be proved at the time of trial herein.

52. Plaintiffs and members of the proposed class are also entitled to an award of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Meal Break Compensation, Labor Code §226.7)**

53. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 52 above as though set forth fully herein.

54. As alleged above, Plaintiffs and members of the proposed class were required by ConAm at various times to work more than 10 hours in a single day, including, occasionally, 12-hour shifts, and were not provided a second meal break as required by Labor Code §512(a) and Wage Order 16(10)(B). Plaintiffs and members of the proposed class regularly did not waive their rights to a second meal break.

55. Labor Code §226.7 provides that:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Wage Order 16(10)(F) sets for the same compensation requirement.

56. Pursuant to Labor Code §226.7 and Wage Order 16(10)(F), Plaintiffs and members of the proposed class are entitled to one additional hour of pay at the regular rate of pay for each work day on which they were required to work in excess of 10 hours per day, and were denied a second meal break of at least 30 minutes. Such compensation mandated by Labor Code §226.7 and Wage Order 16(10)(F) is in the nature of wages, and is for the purpose of compensating the employee for work that was performed during what should have been a meal break. The additional wages to which Plaintiffs and the members of the class are entitled pursuant to this provision will be discernable from the records of Defendant and will be proven at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Failure To Provide Itemized Wage Statements,**
**(Labor Code § 226)**

57. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 56 above as though set forth fully herein.

58. As alleged above, during all or some portion of the class period as proposed herein, Defendant ConAm violated Labor Code §226 in that it failed to provide its employees, including Plaintiffs and members of the proposed class, full and complete, accurate itemized wage statements. In particular, the statements provided by Defendant failed to accurately state "all applicable hourly rates [including overtime hourly rates] in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," as required by Labor Code §226(a)(9).

59. Pursuant to Labor Code §226(e), Plaintiffs and members of the proposed class are entitled to recover penalties of $50 for the initial pay period, and $100 for each subsequent pay period in which Defendants failed to comply with the statute.

60. Pursuant to Labor Code §226(g), Plaintiffs are entitled to injunctive relief and an order by this Court requiring Defendant to comply with all provisions of Labor Code §226. Plaintiff is also entitled to an award of attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SIXTH CAUSE OF ACTION**
**(Waiting Time Penalties)**
**(California Labor Code §§ 201-203)**

61. Plaintiff incorporates by reference in this cause of action each allegation of paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

63. Plaintiffs and all other class members who ceased employment with ConAm are entitled to unpaid compensation, but to date have not received such compensation.

64. More than thirty days have passed since Plaintiffs and certain class members left ConAm's employ.

65. As a consequence of ConAm's willful failure to timely compensate Plaintiffs and class members for all hours worked, Plaintiffs and class members whose employment ended during the Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

1. For an order certifying this action as a class action;

2. For an award of all unpaid overtime compensation due to Plaintiffs and members of the proposed class for the class period as defined by the Court at the time of certification;

3. For an award of one hour of pay at the regular rate for each work day in excess of 10 hours for which a second meal break was not provided;

4. For an award of waiting time penalties pursuant to Labor Code § 203;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action;

7. For an order enjoining Defendant to pay restitution to Plaintiffs and the Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

8. For an order declaring Defendant's overtime and meal period practices to be unlawful and requiring Defendant to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

9. For such other and further relief as the Court may deem proper.

Dated: September 25 2007

LAW OFFICES OF ELLYN MOSCOWITZ

By: ______________________
ELLYN MOSCOWITZ

RUKIN HYLAND DORIA & TINDALL

By: ______________________
STEVEN M. TINDALL
Attorneys for Plaintiffs and the Proposed Plaintiff Class

**DEMAND FOR JURY TRIAL**

Plaintiffs Gerald Lee and Steven Taylor, on behalf of themselves and all others similarly situated, hereby request a jury trial on all claims so triable.

Dated: September 25, 2007

RUKIN HYLAND DORIA & TINDALL
LAW OFFICES OF ELLYN MOSCOWITZ

By: ____________________
STEVEN M. TINDALL

Attorneys for Plaintiffs and the Proposed Plaintiff Class