MARCUS A. TORRANO (Bar No. 138874)
JAY J. LEE (Bar No. 187808)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant
CONAM INSPECTION AND ENGINEERING
SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC.,<br><br>Defendant. | CASE NO.: C-07-4956-SI<br><br>ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

Answering the Complaint for Damages and Injunctive Relief of Plaintiffs Gerald Lee and Steven Taylor ("Plaintiffs"), Defendant Conam Inspection and Engineering Services, Inc., ("Defendant") for itself and no other party hereby admits, denies and alleges as follows:

## RESPONSE TO INTRODUCTORY ALLEGATIONS

1.     The allegations set forth in Paragraph 1 of Plaintiffs' Complaint for Damages and Injunctive Relief ("Complaint") draw legal conclusions and,

1    therefore, require no response from Defendant.  To the extent that a response is

2    deemed necessary, Defendant expressly denies that it violated any provision of the

3    Labor Code or California Wage Orders or engaged in any unfair business practice,

4    and further denies any implication that it violated any common or statutory laws or

5    that it is liable to Plaintiffs or proposed putative class members in any way.

6        2.    The allegations set forth in Paragraph 2 of Plaintiffs' Complaint draw

7    legal conclusions and, therefore, require no response from Defendant.  To the extent

8    that a response is deemed necessary, Defendant expressly denies that it violated any

9    provision of the Labor Code or California Wage Orders or engaged in any unfair

10   business practice, and further denies any implication that it violated any common or

11   statutory laws or that it is liable to Plaintiffs or proposed putative class members in

12   any way.

13       3.    The allegations set forth in Paragraph 3 of Plaintiffs' Complaint draw

14   legal conclusions and, therefore, require no response from Defendant.  To the extent

15   that a response is deemed necessary, Defendant expressly denies that it violated any

16   provision of the Labor Code or California Wage Orders or engaged in any unfair

17   business practice, and further denies any implication that it violated any common or

18   statutory laws or that it is liable to Plaintiffs or proposed putative class members in

19   any way.

20

21              RESPONSE TO JURISDICTIONAL ALLEGATIONS[1]

22       1.    The allegations set forth in paragraph 1 of Plaintiffs' Complaint draw

23   legal conclusions and, therefore, require no response from Defendant.  To the extent

24   a response is deemed necessary, Defendant admits that it is a corporation organized

25

26   _____
[1]       Plaintiffs have failed to sequentially number the paragraphs in their Complaint, as the
27   paragraphs in the 'Introduction' and 'Jurisdiction' sections of their Complaint are both numbered
     1 through 3, respectively.  For the sake of clarity and for the convenience of the Court,
28   Defendant's Answer adopts the numbering system reflected in Plaintiffs' Complaint.

1    under the laws of the State of Delaware and that it has its principle place of

2    business in the State of New Jersey.  Defendant is without sufficient information or

3    knowledge to form a belief as to the remaining allegations contained in paragraph 1

4    and, therefore, denies those allegations.  Defendant also expressly denies that it

5    violated any provision of the Labor Code or California Wage Orders or engaged in

6    any unfair business practice, and further denies any implication that it violated any

7    common or statutory laws, or that it is liable to Plaintiffs or the proposed putative

8    class members in any way.

9         2.     The allegations set forth in paragraph 2 of Plaintiffs' Complaint draw

10   legal conclusions and, therefore, require no response from Defendant.  To the extent

11   a response is deemed necessary, Defendant admits that it is a corporation organized

12   under the laws of the State of Delaware and that it has its principle place of

13   business in the State of New Jersey.  Defendant is without sufficient information or

14   knowledge to form a belief as to the remaining allegations contained in paragraph 2

15   and, therefore, denies those allegations.  Defendant also expressly denies that it

16   violated any provision of the Labor Code or California Wage Orders or engaged in

17   any unfair business practice, and further denies any implication that it violated any

18   common or statutory laws, or that it is liable to Plaintiffs or the proposed putative

19   class members in any way.

20        3.     Defendant denies that its principal place of business in California is

21   located in Benicia, California.  The remaining allegations set forth in paragraph 3 of

22   Plaintiffs' Complaint draw legal conclusions and, therefore, require no response

23   from Defendant.   To the extent a response is deemed necessary, Defendant

24   expressly denies that it violated any provision of the Labor Code or California

25   Wage Orders or engaged in any unfair business practice, and further denies any

26   implication that it violated any common or statutory laws, or that it is liable to

27   Plaintiffs or the proposed putative class members in any way

28

RESPONSE TO PARTY ALLEGATIONS

4.    Defendant admits that Plaintiff Lee was employed by Defendant. Defendant denies that Plaintiff Lee began his employment in 1999. Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 4 and, therefore, denies those allegations.

5.    Defendant admits that Plaintiff Taylor was employed by Defendant. Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 4 and, therefore, denies those allegations.

6.    Defendant admits that it is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of New Jersey. Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 6, and, therefore, denies those allegations.

RESPONSE TO FACTUAL ALLEGATIONS

7.    Defendant admits that it is engaged in business in the oil refinery and petrochemical industry. Defendant admits that Plaintiffs Lee and Taylor were employed by Defendant. Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations contained in paragraph 4 and, therefore, denies those allegations.

8.    Defendant admits that it classified Plaintiffs as non-exempt hourly employees. The remaining allegations in paragraph 8 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary, Defendant expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and

1    further denies any implication that it violated any common or statutory laws, or that

2    it is liable to Plaintiffs or proposed putative class members in any way.

3        9.    The allegations of paragraph 9 draw legal conclusions and, therefore,

4    require no response from Defendant. To the extent a response is deemed necessary,

5    Defendant expressly denies that it violated any provision of the Labor Code or

6    California Wage Orders, engaged in any unfair business practice, and further denies

7    any implication that it violated any common or statutory laws, or that it is liable to

8    Plaintiffs or proposed putative class members in any way.

9        10.    The allegations of paragraph 10 draw legal conclusions and, therefore,

10   require no response from Defendant. To the extent a response is deemed necessary,

11   Defendant expressly denies that it violated any provision of the Labor Code or

12   California Wage Orders, engaged in any unfair business practice, and further denies

13   any implication that it violated any common or statutory laws, or that it is liable to

14   Plaintiffs or proposed putative class members in any way.

15       11.    The allegations of paragraph 11 draw legal conclusions and, therefore,

16   require no response from Defendant. To the extent a response is deemed necessary,

17   Defendant expressly denies that it violated any provision of the Labor Code or

18   California Wage Orders, engaged in any unfair business practice, and further denies

19   any implication that it violated any common or statutory laws, or that it is liable to

20   Plaintiffs or proposed putative class members in any way.

21       12.    The allegations of paragraph 12 draw legal conclusions and, therefore,

22   require no response from Defendant. To the extent a response is deemed necessary,

23   Defendant expressly denies that it violated any provision of the Labor Code or

24   California Wage Orders, engaged in any unfair business practice, and further denies

25   any implication that it violated any common or statutory laws, or that it is liable to

26   Plaintiffs or proposed putative class members in any way.

27

28

13.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 13 and, therefore, denies those allegations.  Defendant also expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

14.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 14 and, therefore, denies those allegations.  Defendant also expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

15.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 15 and, therefore, denies those allegations.  Defendant also expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

16.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 16 and, therefore, denies those allegations.  Defendant also expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

17.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 17 and, therefore, denies those allegations.  Defendant also expressly denies that it violated any provision of the

1    Labor Code or California Wage Orders, engaged in any unfair business practice,

2    and further denies any implication that it violated any common or statutory laws, or

3    that it is liable to Plaintiffs or proposed putative class members in any way.

4         18.    Defendant is without sufficient information or knowledge to form a

5    belief as to the allegations contained in paragraph 18 and, therefore, denies those

6    allegations.  Defendant also expressly denies that it violated any provision of the

7    Labor Code or California Wage Orders, engaged in any unfair business practice,

8    and further denies any implication that it violated any common or statutory laws, or

9    that it is liable to Plaintiffs or proposed putative class members in any way.

10        19.    Defendant is without sufficient information or knowledge to form a

11   belief as to the allegations contained in paragraph 19 and, therefore, denies those

12   allegations.  Defendant also expressly denies that it violated any provision of the

13   Labor Code or California Wage Orders, engaged in any unfair business practice,

14   and further denies any implication that it violated any common or statutory laws, or

15   that it is liable to Plaintiffs or proposed putative class members in any way.

16        20.    The allegations of paragraph 20 draw legal conclusions and, therefore,

17   require no response from Defendant.  To the extent a response is deemed necessary,

18   Defendant expressly denies that it violated any provision of the Labor Code or

19   California Wage Orders, engaged in any unfair business practice, and further denies

20   any implication that it violated any common or statutory laws, or that it is liable to

21   Plaintiffs or proposed putative class members in any way.

22        21.    Defendant denies the allegations contained in paragraph 21.

23   Defendant also expressly denies that it violated any provision of the Labor Code or

24   California Wage Orders, engaged in any unfair business practice, and further denies

25   any implication that it violated any common or statutory laws or wage orders, or

26   that it is liable to Plaintiffs or proposed putative class members in any way.

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

65076626.1

- 7 -

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

22.    Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 22 and, therefore, denies those allegations. Defendant also expressly denies that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

<u>RESPONSE TO CLASS ALLEGATIONS</u>

23.    The allegations of paragraph 23 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary, Defendant expressly denies Plaintiffs' allegations are suitable for class treatment.

24.    Based on information and belief, Defendant denies that members of the proposed putative class are so numerous as to justify class treatment of the instant action.

25.    Based on information and belief, Defendant denies that common issues of law or fact predominate over individual issues. Defendant also expressly denies any implication that it violated any provision of the Labor Code or California Wage Orders, engaged in any unfair business practice, and further denies any implication that it violated any common or statutory laws, engaged in any unlawful practice, or that it is liable to Plaintiffs or proposed putative class members in any way.

26.    Based on information and belief, Defendant denies that the claims of Plaintiff's are typical of the claims of other members of the proposed putative class.

27.    Based on information and belief, Defendant denies that Plaintiffs will fairly or adequately represent or protect the interests of proposed putative class members or that counsel retained by Plaintiffs will adequately represent the interests of the proposed putative class members.

28.    Based on information and belief, Defendant denies (a) that class treatment of this action is superior to other methods of resolution, (b) that members

1    of the proposed class are readily ascertainable, or (c) that it would be economically

2    impractical for individual employees to adjudicate their claims in separate actions.

3    Moreover, because members of the proposed putative class performed different job

4    duties, at different work locations, for different clients—who each have different

5    operational needs and who have adopted different policies—individual issues will

6    predominate over any alleged common issue of law or fact.    Thus, seeking to

7    adjudicate this action on a class basis will not be more efficient for the Court or the

8    parties, and indeed, would dramatically increase the burden of litigating Plaintiffs'

9    allegations.

10        29.    Based on information and belief, Defendant denies that class treatment

11    is appropriate under Rule 23(b)(3) of the Federal Rules of Federal Procedure

12    because individual issues of law and fact predominate over common issues.

13    Defendant also expressly denies that it violated any provision of the Labor Code or

14    California Wage Orders, engaged in any unfair business practice, and further denies

15    any implication that it violated any common or statutory laws, or that it is liable to

16    Plaintiffs or proposed putative class members in any way.

17

18                    RESPONSE TO FIRST CLAIM FOR RELIEF

19                (Business & Profession Code section 17200 – Overtime)

20        30.    Defendant incorporates its responses to paragraphs 1 through 29 herein

21    by reference.

22        31.    The allegations of paragraph 31 draw legal conclusions and, therefore,

23    require no response from Defendant.    To the extent a response is deemed necessary,

24    Defendant expressly denies that it violated Section 17200 of the Business &

25    Professions Code, or any section of the Labor Code or California Wage Orders, and

26    further denies any implication that it engaged in any unfair business practice,

27

28

1  violated any common or statutory laws, or that it is liable to Plaintiffs or proposed

2  putative class members in any way.

3      32.    The allegations of paragraph 32 draw legal conclusions and, therefore,

4  require no response from Defendant.  To the extent a response is deemed necessary,

5  Defendant expressly denies that it violated Section 17200 of the Business &

6  Professions Code, or any section of the Labor Code or California Wage Orders, and

7  further denies any implication that it engaged in any unfair business practice,

8  violated any common or statutory laws, or that it is liable to Plaintiffs or proposed

9  putative class members in any way.

10     33.    The allegations of paragraph 33 draw legal conclusions and require no

11  response from Defendant. To the extent a response is deemed necessary, Defendant

12  is without sufficient information or knowledge to form a belief as to Plaintiffs'

13  allegations in paragraph 33 and, therefore, denies those allegations.  Defendant also

14  expressly denies that it violated Section 17200 of the Business & Professions Code,

15  or any section of the Labor Code or California Wage Orders, and further denies any

16  implication that it engaged in any unfair business practice, violated any common or

17  statutory laws, or that it is liable to Plaintiffs or proposed putative class members in

18  any way.

19     34.    The allegations of paragraph 34 draw legal conclusions and require no

20  response from Defendant.  To the extent a response is deemed necessary, Defendant

21  is without sufficient information or knowledge to form a belief as to Plaintiffs'

22  allegations in paragraph 34 and, therefore, denies those allegations.  Defendant also

23  expressly denies that it violated Section 17200 of the Business & Professions Code,

24  or any section of the Labor Code or California Wage Orders, and further denies any

25  implication that it engaged in any unfair business practice, violated any common or

26  statutory laws, or that it is liable to Plaintiffs or proposed putative class members in

27  any way.

28

35.     The allegations of paragraph 35 draw legal conclusions and, therefore, require no response from Defendant.  To the extent a response is deemed necessary, Defendant is without sufficient information or knowledge to form a belief as to Plaintiffs' allegations in paragraph 35 and, therefore, denies those allegations. Defendant also expressly denies that it violated Section 17200 of the Business & Professions Code, or any section of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

36.     The allegations of paragraph 36 draw legal conclusions and, therefore, require no response from Defendant.  To the extent a response is deemed necessary, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 36 and, therefore, denies those allegations. Defendant also expressly denies that it violated Section 17200 of the Business & Professions Code, or any section of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

37.     The allegations of paragraph 37 draw legal conclusions and, therefore, require no response from Defendant.  To the extent a response is deemed necessary, Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in paragraph 27 and, therefore, denies those allegations. Defendant also expressly denies that it violated Section 17200 of the Business & Professions Code, or any section of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

38.     The allegations of paragraph 38 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary, Defendant expressly denies that it violated Section 17200 of the Business & Professions Code, or any section of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

39.     Defendant denies that Plaintiffs or any member of the purposed putative class "lost money" as a result of Defendant's alleged acts, or that Defendant is liable to them for restitution in any amount. The remaining allegations of paragraph 39 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary, Defendant expressly denies that it violated Section 17200 of the Business & Professions Code, or any section of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

40.     The allegations of paragraph 40 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary, Defendant expressly denies that it violated Labor Code sections 510 and 511, or California Wage Order No. 16. Defendant also denies that it violated Section 17200 of the Business & Professions Code, any other provision of the Labor Code or California Wage Orders, and further denies any implication that it engaged in any unfair business practice, violated any common or statutory laws, or that it is liable to Plaintiffs or proposed putative class members in any way.

41.     The allegations of paragraph 41 draw legal conclusions and, therefore, require no response from Defendant. To the extent a response is deemed necessary,

1    Defendant expressly denies it is liable to Plaintiffs for attorney's fees or costs.

2    Defendant also expressly denies that it violated Section 17200 of the Business &

3    Professions Code, any section of the Labor Code or California Wage Orders, and

4    further denies any implication that it engaged in any unfair business practice,

5    violated any common or statutory laws, or that it is liable to Plaintiffs or proposed

6    putative class members in any way.

7

8                    RESPONSE TO SECOND CLAIM FOR RELIEF

9            (Business & Professions Code section 17200 – Second Meal Period)

10          42.    Defendant incorporates its responses to paragraphs 1 through 41 herein

11   by reference.

12          43.    Defendant denies that it had a policy or practice of failing to provide a

13   second meal break to employees working more than 10 hours a day.  Defendant is

14   without sufficient information or knowledge to form a belief as to the allegation

15   that Plaintiffs and proposed putative class members did not waive the second meal

16   period and on that basis denies this allegation.   The remaining allegations of

17   paragraph 43 draw legal conclusions and require no response from Defendant.  To

18   the extent a response is deemed necessary, Defendant expressly denies that it

19   violated Section 17200 of the Business & Professions Code, or any section of the

20   Labor Code or California Wage Orders, and further denies any implication that it

21   engaged in any unfair business practice, violated any common or statutory laws, or

22   that it is liable to Plaintiffs or proposed putative class members in any way.

23          44.    Defendant denies that it had a policy or practice of failing to provide a

24   second meal break to employees working more than 10 hours a day, or requiring

25   such employees to work through the second meal break or that it engaged in any

26   unfair business practice.  The remaining allegations of paragraph 44 draw legal

27   conclusions and require no response from Defendant.  To the extent a response is

28

1    deemed necessary, Defendant expressly denies that it violated Section 17200 of the

2    Business & Professions Code, or any section of the Labor Code or California Wage

3    Orders, and further denies any implication that it engaged in any unfair business

4    practice, violated any common or statutory laws, or that it is liable to Plaintiffs or

5    proposed putative class members in any way.

6          45.    The allegations of paragraph 45 draw legal conclusions and require no

7    response from Defendant.  To the extent a response is deemed necessary, Defendant

8    expressly denies that it violated Section 17200 of the Business & Professions Code,

9    or any section of the Labor Code or California Wage Orders, and further denies any

10   implication that it engaged in any unfair business practice, violated any common or

11   statutory laws, or that it is liable to Plaintiffs or proposed putative class members in

12   any way.

13         46.    Defendant denies that Plaintiffs or any member of the purposed

14   putative class "lost money" as a result of Defendant's alleged acts, or that

15   Defendant is liable to them for restitution in any amount.    The remaining

16   allegations of paragraph 46 draw legal conclusions and, therefore, require no

17   response from Defendant.  To the extent a response is deemed necessary, Defendant

18   expressly denies that it violated Section 17200 of the Business & Professions Code,

19   or any section of the Labor Code or California Wage Orders, and further denies any

20   implication that it engaged in any unfair business practice, violated any common or

21   statutory laws, or that it is liable to Plaintiffs or proposed putative class members in

22   any way.

23         47.    Defendant denies it violated Labor Code sections 226.7 and 512, or

24   any provision of California Wage Order No. 16.  The remaining allegations of

25   paragraph 47 draw legal conclusions and, therefore, require no response from

26   Defendant.  To the extent a response is deemed necessary, Defendant expressly

27   denies that it violated Section 17200 of the Business & Professions Code, any other

28

1    section of the Labor Code, or the California Wage Orders, and further denies any

2    implication that it committed any unfair business practice, violated any common or

3    statutory laws, or that it is liable to Plaintiffs or proposed putative class members in

4    any way.

5        48.    The allegations of paragraph 48 draw legal conclusions and, therefore,

6    require no response from Defendant.  To the extent a response is deemed necessary,

7    Defendant expressly denies it is liable to Plaintiffs for attorneys' fees or costs.

8    Defendant also expressly denies that it violated Section 17200 of the Business &

9    Professions Code, any section of the Labor Code or California Wage Orders, and

10   further denies any implication that it engaged in any unfair business practice,

11   violated any common or statutory laws, or that it is liable to Plaintiffs or proposed

12   putative class members in any way.

13

14            RESPONSE TO THIRD CLAIM FOR RELIEF

15                 (Labor Code section 1194)

16       49.    Defendant incorporates its responses to paragraphs 1 through 48 herein

17   by reference.

18       50.    The allegations of paragraph 50 draw legal conclusions and require no

19   response from Defendant.    To the extent a response to deemed necessary,

20   Defendant denies that it underpaid Plaintiffs or proposed putative class members

21   their wages, refused Plaintiffs or proposed putative class members overtime, and

22   further denies any implication that it engaged in any unfair business practice,

23   violated any common or statutory laws or wage orders, or that it is liable to

24   Plaintiffs or proposed putative class members for underpaid minimum or overtime

25   pay, statutory interest thereon, reasonable attorneys' fees, or in any way.

26       51.    The allegations of paragraph 51 draw legal conclusions and require no

27   response from Defendant.    To the extent a response to deemed necessary,

28

1    Defendant denies that it underpaid Plaintiffs or proposed putative class members

2    their wages, refused Plaintiffs or proposed putative class members overtime, and

3    further denies any implication that it engaged in any unfair business practice,

4    violated any common or statutory laws or wage orders, or that it is liable to

5    Plaintiffs or proposed putative class members in any way.

6        52.    The allegations of paragraph 52 draw legal conclusions and, therefore,

7    require no response from Defendant. To the extent a response is deemed necessary,

8    Defendant expressly denies it is liable to Plaintiffs for attorneys' fees or costs.

9    Defendant also expressly denies that it violated any section of the Labor Code or

10   California Wage Orders, and further denies any implication that it engaged in any

11   unfair business practice, violated any common or statutory laws, or that it is liable

12   to Plaintiffs or proposed putative class members in any way.

13

14   RESPONSE TO FOURTH CLAIM FOR RELIEF

15   (Labor Code section 226.7)

16       53.    Defendant incorporates its responses to paragraphs 1 through 52 herein

17   by reference.

18       54.    Defendant denies that it failed to provide Plaintiffs or proposed

19   putative class members with a second meal period. Defendant is without sufficient

20   information or knowledge to form a belief as to whether Plaintiffs or proposed

21   putative class members waived the second meal period and on that basis denies this

22   allegation. Defendant expressly denies that it violated any section of the Labor

23   Code or California Wage Orders and further denies any implication that it violated

24   any common or statutory laws, engaged in any unfair business practice, or that it is

25   liable to Plaintiffs or proposed putative class members in any way.

26       55.    The allegations of paragraph 55 draw legal conclusions and, therefore,

27   require no response from Defendant. To the extent a response is deemed necessary,

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1  Defendant denies that it failed to provide Plaintiffs or proposed putative class

2  members with a second meal period.  Defendant expressly denies that it violated

3  any section of the Labor Code or California Wage Orders and further denies any

4  implication that it violated any common or statutory laws, engaged in any unfair

5  business practice, or that it is liable to Plaintiffs or proposed putative class members

6  in any way.

7         56.    The allegations of paragraph 56 draw legal conclusions and, therefore,

8  require no response from Defendant.  To the extent a response is deemed necessary,

9  Defendant denies that it failed to provide Plaintiffs or proposed putative class

10  members with a second meal period.  Defendant expressly denies that it violated

11  any section of the Labor Code or California Wage Orders and further denies any

12  implication that it violated any common or statutory laws, engaged in any unfair

13  business practice, or that it is liable to Plaintiffs or proposed putative class members

14  in any way.

15

16         <u>RESPONSE TO FIFTH CLAIM FOR RELIEF</u>

17              (Labor Code section 226)

18         57.    Defendant incorporates its responses to paragraphs 1 through 56 herein

19  by reference.

20         58.    Defendant denies that it failed to provide accurate itemized wage

21  statements to its employees in violation of Labor Code section 226.  Defendant also

22  expressly denies that it violated any other section of the Labor Code or California

23  Wage Orders and further denies any implication that it violated any common or

24  statutory laws, engaged in any unfair business practice, or that it is liable to

25  Plaintiffs or proposed putative class members in any way.

26         59.    The allegations of paragraph 59 draw legal conclusions and, therefore,

27  require no response from Defendant.  To the extent a response is deemed necessary,

28

1    Defendant expressly denies that it is liable to Plaintiffs or proposed putative class

2    members for any statutory penalty for failing to provide accurate wage statements.

3    Defendant also expressly denies that it violated any section of the Labor Code or

4    California Wage Orders and further denies any implication that it violated any

5    common or statutory laws, engaged in any unfair business practice, or that it is

6    liable to Plaintiffs or proposed putative class members in any way.

7        60.    The allegations of paragraph 60 draw legal conclusions and, therefore,

8    require no response from Defendant.  To the extent a response is deemed necessary,

9    Defendant expressly denies that Plaintiffs or proposed putative class members are

10   entitled to any injunctive relief, as Defendant has not failed to provide accurate

11   wage statements.  Defendant expressly denies it is liable to Plaintiffs for attorneys'

12   fees or costs.  Defendant also expressly denies that it violated any section of the

13   Labor Code or California Wage Orders and further denies any implication that it

14   violated any common or statutory laws or wage orders, engaged in any unfair

15   business practice, or that it is liable to Plaintiffs or proposed putative class members

16   in any way.

17

18                    RESPONSE TO SIXTH CLAIM FOR RELIEF

19                          (Labor Code section 203)

20       61.    Defendant incorporates its responses to paragraphs 1 through 60 herein

21   by reference.

22       62.    The allegations of paragraph 62 draw legal conclusions and, therefore,

23   require no response from Defendant.  To the extent a response is deemed necessary,

24   Defendant denies that it failed to pay Plaintiffs or proposed putative class members

25   all earned and due wages upon termination of employment.  Defendant expressly

26   denies that it violated any section of the Labor Code or California Wage Orders and

27   further denies any implication that it violated any common or statutory laws,

28

1    engaged in any unfair business practice, or that it is liable to Plaintiffs or proposed

2    putative class members in any way.

3        63.    Defendant denies that Plaintiffs or proposed putative class members

4    were not paid all earned and due wages upon termination of their respective

5    employment with Defendant.    Defendant expressly denies that it violated any

6    section of the Labor Code or California Wage Orders and further denies any

7    implication that it violated any common or statutory laws, engaged in any unfair

8    business practice, or that it is liable to Plaintiffs or proposed putative class members

9    in any way.

10       64.    Defendant admits that it has been more than 30 days since Plaintiffs'

11   employment terminated.    Defendant is without sufficient information or knowledge

12   to form a belief as to the allegation that 30 days have passed since "certain class

13   members" ceased their employment with Defendant, and on that basis denies this

14   allegation.    Defendant expressly denies that it violated any section of the Labor

15   Code or California Wage Orders and further denies any implication that it violated

16   any common or statutory laws, engaged in any unfair business practice, or that it is

17   liable to Plaintiffs or proposed putative class members in any way.

18       65.    The allegations of paragraph 65 draw legal conclusions and, therefore,

19   require no response from Defendant.    To the extent a response is deemed necessary,

20   Defendant denies that it owes any waiting time penalties to Plaintiffs or putative

21   class members or that it is liable for Plaintiffs' attorneys' fees or costs.    Defendant

22   expressly denies that it violated any section of the Labor Code or California Wage

23   Orders and further denies any implication that it violated any common or statutory

24   laws, engaged in any unfair business practice, or that it is liable to Plaintiffs or

25   proposed putative class members in any way.

26   / / / /

27   / / / /

28

DOCUMENT PREPARED
ON RECYCLED PAPER

65076626.1

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

66.   Plaintiffs' Complaint as a whole, and each and every claim for relief alleged therein, fails to state facts sufficient to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Violation)

67.   Plaintiffs' claims for relief are barred because Defendant has not directly or indirectly performed or failed to perform any act that violated Plaintiffs' rights under common law, statute, code, ordinance, regulation, order or otherwise.

## THIRD AFFIRMATIVE DEFENSE

### (No Penalty for Labor Code Violations)

68.   Defendant alleges on information and belief that Plaintiffs are not entitled to any penalty under the California Labor Code: (a) due to a good faith dispute regarding wages; (b) because Plaintiffs cannot show that they suffered any harm as a result of any alleged erroneous wage statements; and, (c) because Plaintiffs consented and agreed to Defendant's pay practices, and are estopped from challenging same.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

65076626.1

DOCUMENT PREPARED
ON RECYCLED PAPER

## FOURTH AFFIRMATIVE DEFENSE

### (Third Parties)

69.    Defendant alleges, on information and belief, that if Plaintiffs suffered any loss, damage or legal detriment, such loss, damage or legal detriment was directly and proximately caused and/or contributed to by intervening causes, events, and/or actions of third persons, over which Defendant had no control, and which was beyond the power or ability of Defendant to foresee, to prevent or to ameliorate.  Therefore, Plaintiffs should not recover against Defendant for any loss, damage or legal detriment, so caused or so enhanced.

## FIFTH AFFIRMATIVE DEFENSE

### (Improper Class Representative)

70.    Defendant alleges, based on information and belief, that individual issues of law and fact predominate as to each named Plaintiff, rendering them improper representatives for the alleged putative class.

## SIXTH AFFIRMATIVE DEFENSE

### (Predominance of Individual Issues)

71.    Plaintiffs' allegations and prayer for damages establishes that this action is inappropriate for class treatment as individual claims and defenses would predominate over common questions of law and fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Insufficiently Ascertainable or Numerous Putative Class)

72.    Defendant alleges, based on information and belief, that the proposed putative class members are insufficiently certain or numerous for this action to be appropriately certified as a class action.

1                EIGHTH AFFIRMATIVE DEFENSE

2                (Class Treatment Inappropriate)

3      73.    Certification of a putative class in this action would be inappropriate,

4 as Plaintiffs will not be able to establish the elements required under the federal law

5 for class treatment.

6

7                NINTH AFFIRMATIVE DEFENSE

8                (Statutes of Limitations)

9      74.    Any recovery on Plaintiffs' complaint, or any purported cause of

10 action alleged therein, is barred by the applicable statutes of limitations, including,

11 but not limited to, Code of Civil Procedure sections 338 and 340 and Business and

12 Professions Code 17208.

13

14                TENTH AFFIRMATIVE DEFENSE

15                (Laches)

16      75.    Plaintiffs have inexcusably and unreasonably delayed in the filing of

17 this action, causing substantial prejudice to Defendant and, thus, Plaintiffs' claims

18 are barred by the equitable doctrine of laches.

19

20              ELEVENTH AFFIRMATIVE DEFENSE

21                (Waiver)

22      76.    Plaintiffs' Complaint as a whole and each and every cause of action

23 alleged therein, is barred by the doctrine of waiver.

24 / / / /

25 / / / /

26 / / / /

27 / / / /

28

1

## TWELFTH AFFIRMATIVE DEFENSE

2

(Estoppel)

3    77.    Plaintiffs' Complaint as a whole and each and every cause of action

4    alleged therein, is barred by the doctrine of estoppel.

5

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7

(Consent)

8    78.    Defendant is informed and on that basis alleges that Plaintiffs' claims

9    are barred in that Plaintiffs consented and/or authorized the actions of Defendant

10    alleged in the Complaint, which actions, Defendant denies.

11

12

## FOURTEENTH AFFIRMATIVE DEFENSE

13

(Injunctive Relief Improper)

14    79.    Plaintiffs' claims for injunctive relief are barred because Plaintiffs

15    have adequate and complete remedies at law, and/or Plaintiffs cannot make the

16    requisite showing to obtain injunctive relief in a labor dispute under California

17    Labor Code § 1138.1, *et seq.*

18

19

## FIFTEENTH AFFIRMATIVE DEFENSE

20

(Improper Venue)

21    80.    Defendants allege, on information and belief, that venue in the

22    Northern District of California is improper.

23

## SIXTEENTH AFFIRMATIVE DEFENSE

24

(Right to Amend)

25    81.    Defendant does not presently know all of the facts and circumstances

26    respecting Plaintiffs' claims.    Defendant reserves the right to amend or add

27    additional affirmative defenses as they become known.

28

1    **WHEREFORE**, Defendant prays that judgment in its favor be entered as

2    follows:

3        1.    that Plaintiffs take nothing on their complaint;

4        2.    for reasonable attorneys' fees;

5        3.    for costs of suit; and,

6        4.    for such other relief as the Court may deem just and proper.

7

8    DATED:  November 19, 2007                    Marcus A. Torrano
                                                  Jay J. Lee
9                                                 FULBRIGHT & JAWORSKI L.L.P.

10

11                                               By
                                                  Marcus A. Torrano
12                                                Attorneys for Defendant
                                                  CONAM INSPECTION AND
13                                                ENGINEERING SERVICES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

**PROOF OF SERVICE**

I, Rachel D. Victor, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On November 19, 2007, I served a copy of the within document(s):

ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

Steven M. Tindall
Zachary Cincotta
Rukin Hyland Doria & Tindall LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Phone: (415) 421-1800
Fax: (415) 421-1700

*Attorneys for Individual and
Representative Plaintiffs
Gerald Lee and Steven Taylor*

Ellyn Moscowitz
Law Offices of Ellyn Moscowitz
8400 Enterprise Way, Suite 201
Oakland, CA 94621
Phone: (510) 567-8400
Fax: (510) 567-8444

*Attorneys for Individual and
Representative Plaintiffs
Gerald Lee and Steven Taylor*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

1  U.S. Postal Service on that same day with postage thereon fully prepaid in the

2  ordinary course of business.  I am aware that on motion of the party served, service

3  is presumed invalid if postal cancellation date or postage meter date is more than

4  one day after date of deposit for mailing in affidavit.

5      I declare that I am employed in the office of a member of the bar of this court

6  at whose direction the service was made.

7      Executed on November 19, 2007, at Los Angeles, California.

8

9                                                      Rachel D. Victor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

65076626.1

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT