STEVEN M. TINDALL (SBN 187862)
ZACHARY R. CINCOTTA (SBN 226947)
RUKIN HYLAND & DORIA LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

ELLYN MOSCOWITZ (State Bar No. 129287)
LAW OFFICES OF ELLYN MOSCOWITZ
8400 Enterprise Way, Suite 201
Oakland, California 94621
Telephone: (510) 567-8400
Facsimile: (510) 567-8444
emoscowitz@moscowitzlaw.com

Attorneys for Individual and Representative Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC,<br><br>Defendant. | CASE NO. 3:07-cv-04956-SI<br><br>CLASS ACTION<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date:     January 15, 2008<br>Time:    2:00 p.m.<br>Courtroom: 10<br>Judge:   Hon. Susan Illston |

Plaintiffs Gerald Lee and Steven Taylor and Defendant Conam Inspection and Engineering Services, Inc., through their attorneys of record, jointly submit this Initial Case Management Statement.

**I.     Jurisdiction and Service**

The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332 because there is

1  complete diversity between the parties, and the amount in controversy meets jurisdictional
2  requirements. Plaintiff is of the view that there are no issues exist regarding personal jurisdiction
3  or venue. Defendant is of the view that there may be issues regarding forum non-conveniens. No
4  parties remain to be served.

5  **II.    A Brief Description of the Events Underlying the Action**

6  Plaintiffs contend, on behalf of themselves and all others similarly situated, that
7  Defendant Conam Inspection and Engineering Service, Inc., employed non-exempt employees in
8  on-site construction, inspection, and testing occupations at various worksites throughout
9  California. Plaintiff contends further that Defendant: (i) uniformly required these employees to
10 work an alternative workweek schedule (or "AWS") of four ten-hour days within a workweek
11 without paying them overtime wages for all hours worked in excess of eight hours per day; (2)
12 uniformly failed to provide second meal breaks to employees who worked 10 hours a day or
13 more; (3) uniformly failed to provide accurate itemized wage statements as required by the
14 California Labor Code; and (4) uniformly failed to pay terminated employees all of the wages
15 they were due at the time of termination.

16 Defendant denies Plaintiffs' allegations. Defendant contends that it properly instituted
17 alternative workweek schedules such that it was not required to pay overtime wages for hours
18 worked between 8 hours and 10 hours each day. Defendant contends further that it provided all
19 required meal breaks, provided accurate itemized wage statements, and paid all terminated
20 employees all wages they were due at the time of their termination.

21 The principal factual issues which the parties dispute are as follows:

22 - Whether Defendant failed to pay overtime compensation to Class Members for hours
23   worked after 8 hours in a day;
24 - Whether Defendant held AWS elections and the circumstances of such elections;
25 - Whether Defendant provided second meal breaks to proposed class members who
26   worked 10 hours a day or more; and
27 - Whether Defendant paid all wages that were due to class members whose employment
28   terminated.

III. **Legal Issues**

The disputed points of law include the following:

- Whether Defendant was required by California Labor Code §510 and Wage Order 16 (codified at 8 CCR §11160) to pay overtime compensation to employees for hours worked after eight hours in a day;
- Whether Defendant properly instituted and maintained a 4/10 AWS under California Labor Code §§510 and 511 and Industrial Welfare Commission Wage Order 16;
- Whether Defendant held proper AWS elections initially and whether Defendant was required to conduct new AWS elections because of an increase in work unit size under Labor Code §§ 511, 517(a), and Wage Order 16;
- Whether Defendant provided proposed class members with proper itemized wage statements under Labor Code §226;
- Whether Defendant provided (or was not required to provide) meal breaks to proposed class members who worked 10 hours a day or more under Labor Code §512(a) and Wage Order 16(10)(B);
- Whether Defendant paid all wages that were due to class members whose employment terminated under California Labor Code §§ 201 and 202;
- Whether Federal Rule of Civil Procedure 23(b)(3) is satisfied in this case – namely whether: (i) the class is so numerous that individual joinder is impractical; (ii) common questions of law and fact predominate over individual legal and factual issues; (iii) Plaintiffs' claims are typical of those of the absent putative class members; and (iv) Plaintiffs can adequately represent the interests of the absent putative class members; and
- Whether Plaintiffs and the proposed class were damaged from unfair competition under California Business and Professions Code § 17200 et seq.

IV. **Motions**

There are no pending motions. Plaintiffs anticipate filing a motion to compel production of class member names and contact information; a motion for class certification; and a motion for

70177625.2

-3-

1  summary adjudication. Defendant anticipates filing a motion or motions for summary
2  adjudication or summary judgment. Defendant will also oppose Plaintiffs' motion to certify a
3  class..

**V.  Amendment of Pleadings**

5  The parties do not anticipate a need to amend the pleadings.

**VI. Evidence Preservation**

7  Plaintiffs' counsel have instructed their clients to preserve all evidence relevant to this
8  actions. Defense counsel has given its client the same instructions.

**VII. Disclosures**

10  The parties certify they have served or will serve their Initial Disclosures by December 28,
11  pursuant to Fed.R.Civ.P. 26(a). The parties have agreed that because counsels' review of the
12  facts is ongoing, counsel will supplement their Initial Disclosures.

**VIII. Discovery**

14  The parties agree to the following discovery plan (as further described in the parties' Rule
15  26(f) Statement):

16  a.  Plaintiffs' counsel is of the view that discovery on class certification issues
17  should proceed concurrently with discovery on the merits of the claims and defenses.
18  Defendant's counsel is of the view that discovery should first proceed on class certification
19  issues, and should proceed on substantive issues only to the extent a class is certified.

20  b.  Discovery cut-off: October 1, 2008.

21  c.  Expert discovery cut-off: November 1, 2008

22  d.  Written discovery and depositions will be subject to the limitations set
23  forth in the Federal Rules of Civil Procedure, except as otherwise ordered by the Court following
24  a showing of good cause.

**IX. Class Certification**

26  a.  Plaintiffs seek class certification under Federal Rule of Civil Procedure
27      23(b)(3).

28  b.  Plaintiffs' complaint describes the proposed class as follows:

70177625.2

-4-

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

> All persons who are, have been, or were employed in California by Defendant ConAm, or its predecessors, as a non-exempt employee in an on-site construction, inspection, or testing occupation on any date between September 25, 2003 and the time of judgment in this action.

    c.    Plaintiffs allege that the proposed class action satisfied the criteria for certification under Rules 23(a) and (b). Defendants deny this contention.

    d.    The parties propose that Plaintiff file a Motion for Class Certification on or before May 30, 2008.

## X. Related Cases

The parties are aware of no related cases pending before this or any other court.

## XI. Relief Sought

Plaintiffs seek (1) an award of all unpaid overtime compensation due to Plaintiffs and proposed class members (which is calculated at 1 ½ times the normal rate of pay for each hour over 8 hours in a day worked by each proposed class member; because each Plaintiff and proposed class member, however, was already paid straight time for these hours, they are entitled to the additional ½ time overtime premium only); (2) an award of one hour of pay at the regular rate for each work day in excess of 10 hours for which a second meal break was not provided to a class member; (3) an award of waiting time penalties as provided under Labor Code § 203 (which is equal to up to 30 days of wages for each terminated proposed class member); (4) an award of penalties for failure to provide itemized wage statement penalties (which is calculated at $100 per proposed class member per pay period up to a maximum of $4,000 per class member); (5) prejudgment interest; and (6) an award of attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to any such relief.

## XII. Settlement and ADR

Pursuant to ADR Local Rule 3-5, the ADR process to which the parties jointly request referral is private mediation. The parties have tentatively discussed the possibility of mediating the case through a private mediator and have discussed discovery that both parties may require before proceeding to ADR.

XIII. **Consent to Magistrate Judge**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

XIV. **Other References**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XV. **Narrowing of Issues**

The parties believe that, prior to trial, certain issues may be able to be narrowed by motion. Specifically, the parties believe that the issues of whether Defendant held (or was obligated to hold) proper AWS elections initially, and whether Defendant was required to conduct new AWS elections because of an increase in work unit size under Labor Code §§ 511, 517(a), and Wage Order 16, may be able to be determined on a motion for summary adjudication.

XVI. **Expedited Schedule**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

XVII. **Scheduling**

The parties propose the following schedule:

- Substantive discovery cut-off date: October 1, 2008.
- Deadline for designation of experts: October 1, 2008
- Expert discovery cut-off: November 1, 2008
- Last date for hearing dispositive motions: January 16, 2009.
- Date of pretrial conference: February 20, 2009.
- Proposed trial date: March 20, 2009.

XVIII. **Trial**

This case will be tried to a jury. The parties estimate that the trial will take 10-15 court days.

XIX. Disclosure of Non-party Interested Entities or Persons

[The parties have not yet filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16, but will do so prior to the Initial Case Management Conference. Plaintiffs have no non-party interested entities or persons to disclose.]

Respectfully submitted,

DATED: December 28, 2007

LAW OFFICE OF ELLYN MOSCOWITZ

By: _____
Ellyn Moscowitz

Attorneys for Individual and Representative Plaintiffs

DATED: December 28, 2007

FULBRIGHT & JAWORSKI, LLP

By: _____
Marcus A. Torrano

Attorneys for Defendant