STEVEN M. TINDALL (SBN 187862)
ZACHARY R. CINCOTTA (SBN 226947)
RUKIN HYLAND & DORIA LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

ELLYN MOSCOWITZ (State Bar No. 129287)
LAW OFFICES OF ELLYN MOSCOWITZ
8400 Enterprise Way, Suite 201
Oakland, California 94621
Telephone: (510) 567-8400
Facsimile: (510) 567-8444
emoscowitz@moscowitzlaw.com

Attorneys for Individual and Representative Plaintiff

FILED
DEC 2 8 2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC,<br><br>Defendant. | CASE NO. 3:07-cv-04956-SI<br><br>**CLASS ACTION**<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT** |

70177626.2

RULE 26(F) REPORT

Plaintiffs Gerald Lee and Steven Taylor and Defendant Conam Inspection and Engineering Services, Inc., hereby submit the following in compliance with Rule 26(f) of the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on December 13, 2007. Steven M. Tindall participated in the meeting for Plaintiffs, and Marcus Torrano participated for Defendant.

1. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and Civil Local Rule 16-9 by December 28, 2007.

2. **Discovery Plan.** The parties jointly proposed to the Court the following discovery plan: <u>Discovery will be needed on the following subjects</u>:

- The number and identity of current and former employees of Defendant in the proposed class during the proposed class period;
- Information regarding any alternative workweek schedule elections held at any of Defendant's workplaces in California (including disclosures made regarding such elections, the manner in which such elections were held, the number of employees voting in favor of and against alternative workweek schedules, the reports for any such elections to the Division of Labor Statistics and Research (or "DLSR"));
- Employment policies of Defendant (including policies regarding number and schedule of work hours, meal and rest breaks, the payment of overtime pay, and payment of wages at termination);
- The number of hours worked by proposed class members on each workday and the pay rates of proposed class members;
- documentation regarding the number and length of meal periods taken by proposed class members;
- the contents of wage statements issued to proposed class members during the relevant period; information concerning the Plaintiffs themselves (including the Plaintiffs' personnel file, schedule of work hours, and wage statements);

- information regarding any wage payments to proposed class members upon termination of employment.
- Depositions of named Plaintiffs and certain putative class members regarding pay and work history, knowledge of Defendants' policies and procedures regarding same, and other issues that may arise during discovery and investigation.

Propriety of Phased Discovery. It is Plaintiffs' position that discovery concerning class certification and the merits of the case should proceed simultaneously. Defendant contends that in the interest of conservation of judicial time and resources and in the interest of avoiding the unnecessary expenditures of the parties' time and resources that discovery be limited to issues pertinent to class certification until such time as a determination is made that this case is appropriate for class treatment.

No changes to limitations on discovery imposed by Federal and Local Rules. Except as set forth above, the parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules.

All discovery to be completed by: October 1, 2008.

Maximum of 25 interrogatories by each party to any other party. Responses are due 30 days after service.

Reports from retained experts under Rule 26(a)(2) are due October 1, 2008.

3.  **Trial Date.**   The case should be ready for trial by March 20, 2009, and at this time is expected to take approximately 10-15 Court days.

LAW OFFICE OF ELLYN MOSCOWITZ

DATED: December 28, 2007    By: _____
Ellyn Moscowitz

Attorneys for Individual and Representative Plaintiff

70177626.2                                    -3-
RULE 26(f) REPORT

1
2  DATED: December 28, 2007          FULBRIGHT & JAWORSKI, LLP
                                     By: _____
3                                         Marcus A. Torrano
4                                    Attorneys for Defendant
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

70177626.2

-4-

RULE 26(f) REPORT

# PROOF OF SERVICE

I am an employee in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 8400 Enterprise Way #201, Oakland, California 94621. On December 28, 2007, I served upon the following parties in this action:

| | |
|---|---|
| STEVEN M. TINDALL (State Bar No. 187862)<br>ZACHARY CINCOTTA (State Bar No. 226947)<br>RUKIN HYLAND DORIA & TINDALL LLP<br>100 Pine Street, Suite 725<br>San Francisco, CA 94111<br>Telephone: (415) 421-1800<br>Facsimile: (415) 421-1700 | Marcus Turner<br>FULBRIGHT & JAWORSKI LLP<br>555 South Flower Street<br>Forty-First Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 892-9200<br>Facsimile: (213) 692-9494 |

copies of the document(s) produced on paper purchased as recycled and described as:

**CLASS ACTION**

**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

[X]  **BY MAIL** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the practice of Law Offices of Ellyn Moscowitz for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

I certify under penalty of perjury that the above is true and correct. Executed at Oakland, California, on December 28, 2007.

*/s/ Juanel Altieri*

PROOF OF SERVICE — - 1 -