

**Rukin Hyland Doria & Tindall LLP**
ATTORNEYS

100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
www.rhdtlaw.com

April 2, 2008

**VIA HAND DELIVERY AND ELECTRONIC FILING**

Hon. Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10, 19th floor
San Francisco, CA 94102

Re: *Lee et al. v. ConAm, Inc.* (Case No.C 07-4956-SI)
Letter Brief Regarding Discovery Dispute

Your Honor:

Plaintiffs Gerald Lee and Steven Taylor submit this letter brief pursuant to the Court's Standing Order. The parties met and conferred in compliance with Civil L.R. 37-1 but have been unable to resolve their discovery dispute.

Plaintiffs have requested from Defendant Conam Inspection and Engineering Services, Inc., documents identifying all of Conam's current and former employees who are members of the proposed plaintiff class.[1] Conam has refused to provide such identifying information, relying on privacy grounds and asserting more generally that identification of class members is not required until after class certification. Since the day this lawsuit was filed, Conam has had unfettered access to all of these employees, from whom Conam could obtain information relevant to the claims and defenses in this case and to the propriety of class certification. Denying Plaintiffs similar access to such information would not only unfairly prejudice Plaintiffs' ability to litigate their case, it would also contradict recent authority holding that plaintiffs to a class action lawsuit are entitled to communicate with putative class members as percipient witnesses.

As discussed below, there is no basis to withhold proposed class member information. Multiple courts within this Circuit have held that privacy concerns do not prevent the disclosure of such information and have ordered employer defendants to provide it. Plaintiffs respectfully request that the Court order Conam to do the same. In the alternative, Plaintiffs request that the Court order such disclosure after a notice is sent to proposed class members allowing them to choose not to have their contact information disclosed (Plaintiffs' proposed notice is attached hereto as Exhibit A).

In light of the Court's Order that Plaintiffs file their class certification motion by May 30, Plaintiffs respectfully request expeditious resolution of this discovery dispute.

---

[1] The proposed class includes all persons who are or were employed in California by Conam as a non-exempt employee in an on-site construction, inspection, or testing position at any time between September 25, 2003 and the present. Complaint at ¶¶ 3, 23.

## FACTUAL AND PROCEDURAL BACKGROUND

Since September 25, 2003, Conam has employed non-exempt employees, including Plaintiffs, in construction, inspection, and testing occupations at worksites throughout California. Plaintiffs allege that Conam uniformly and unlawfully (1) requires these employees to work an alternative workweek schedule (or "AWS") of four ten-hour days per week without paying them overtime wages for the hours worked in excess of eight hours per day; (2) fails to provide second meal breaks when employees worked more than 10 hours in a day; (3) fails to provide accurate itemized wage statements; and (4) fails to pay terminated employees all of the wages they were owed at the time of termination. Complaint at ¶¶ 1-3.

At the Initial Case Management Conference, the Court set dates for discovery cut-offs, hearings on dispositive motions, pre-trial conferences, and trial. *See* Minute Order of 1/17/08 (Doc. No. 15). At the CMC, the Court also stated that it would *not* bifurcate discovery into class certification and merits phases. The Court's CMC Order set May 30, 2008 as the date by which Plaintiffs must move for class certification. *See id.*

Plaintiffs served discovery on Conam, seeking, among other things, documents identifying Conam's present and former employees who are proposed class members. Conam refused to produce such documents, asserting privacy rights of the proposed class members and asserting that it need not provide identifying information prior to class certification. The parties agreed to bring this issue before the Court.

## ARGUMENT

The issue before the Court is whether, prior to class certification, Plaintiffs are entitled to discover names and contact information of proposed class members. Through Document Request No. 48, Plaintiffs seek all documents in Conam's possession identifying the potential class members. Ample legal authority supports Plaintiffs' request. The Federal Rules permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense—including . . . *the identity and location of persons who know of any discoverable matter.*" Fed. R. Civ. Pro. 26(b)(1) (emphasis added). Rule 26(b) is interpreted liberally to allow discovery of all information reasonably calculated to lead to the discovery of admissible evidence. *See Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal. 1998). The party resisting discovery has the burden of showing why discovery should not be allowed and explaining and supporting its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. And Sur. Co.,* 135 F.R.D. 101, 104 (D. N.J. 1990). Because proposed class members are witnesses with information pertinent to liability and class certification, their identifying information is discoverable under Rule 26. Conam fails to carry its burden of demonstrating that this discovery should not be allowed on privacy grounds.

I.   **Disclosure of Class Member Information is Appropriate**

There is ample authority from courts within this Circuit and nationwide holding that, pre-certification, plaintiffs in employment class actions are entitled to discover the names and contact information of proposed class members because they are likely to

have evidence relevant to class certification and the merits of the action. In *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2007), an employer was required to produce names and addresses of potential class members so that the plaintiff may develop evidence concerning "the commonality and typicality prongs of Rule 23." Similarly, in *Salazar v. Avis Budget Group., Inc.*, 2007 WL 2990281, *2 (S.D. Cal. 2007), the court held that the proposed class members' contact information is "indeed contemplated under the Federal Rules of Civil Procedure . . . as basic to the discovery process" and ordered pre-certification disclosure. *See also Babbitt v. Albertson's Inc.*, 1992 WL 6056527 * 1, 5 (N.D. Cal. 1990) (allowing discovery of putative class member information because this information was relevant to class certification and the merits); *Wiegle v. Fedex Ground Package System*, 2007 WL 628041, * 2 (S.D. Cal. 2007) (ordering disclosure of putative class members' contact information because they possess information concerning plaintiff's claims and class certification).[2]

Like the proposed class members in *Putnam, Salazar, Babbitt,* and *Wiegle,* the proposed class members here are percipient witnesses likely to have information pertinent to liability, damages, and class certification. With regard to liability and damages, they have personal knowledge of (1) whether and how often they failed to receive second meal periods after working more than 10 hours in a day; (2) whether Conam held AWS elections that would allow it to require 10-hour work days without paying overtime and the circumstances of such elections; and (3) whether and how often Conam failed to pay them overtime for hours worked beyond 8 hours in a day.

Proposed class members also have knowledge pertinent to class certification. To certify the class, Plaintiffs must show that their claims are typical and that common issues exist and predominate over individual ones. In its Answer, Conam denies that Plaintiffs' claims are typical and asserts that common issues will not predominate because proposed class members work in different job positions and at different locations. Conam's Answer at ¶¶ 25, 26, 28. Proposed class members have personal knowledge pertinent to these very assertions—specifically, whether Conam has a policy and practice of not providing second meal breaks and not paying overtime; whether any such meal break and overtime policies vary significantly (or at all) among its California locations; and whether such policies differ according to the proposed class members' job position.

Conam possesses contact information for all proposed class members and has regular opportunities to speak with its current employees. Conam's refusal to provide proposed class members' contact information prevents Plaintiffs from developing evidence from class members about whether common, class-wide employment policies and practices exist while allowing Conam unfettered access to such information. Such information on Plaintiffs' claims, Conam's defenses, damages, and class certification is fully discoverable—especially in light of the Court's pronouncement that merits discovery and class discovery shall proceed simultaneously. Under Rule 26(b)(1), and

---

[2] Other courts agree. *See Narayan v. EGL, Inc.*, 2006 WL 3507918 (ND Cal. 2006) at *3; *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 673 (D.Kan. 2003); *Jimenez v. Domino's Pizza*, 2006 U.S. Dist. LEXIS 66510 at * 5 (C.D. Cal. 2006); *Acevedo v. Ace Coffee Bar, Inc.*, --- F.R.D. ----, 2008 WL 538915, *4 (N.D.Ill. 2008) (citing *Wiegle*).

the other authorities cited above, disclosure of proposed class members' names and contact information is appropriate.

## II.     Conam's Privacy Objection is Unfounded Under California Law

Conam objects to the production of proposed class members' contact information based on the class members' privacy interests. Rule 501 of the Federal Rules of Evidence provides that in diversity jurisdiction cases (such as this case), state law governs claims of privilege. *See In re Ford Motor Co.*, 110 F.3d 954, 965 (3rd Cir. 1997); *Oakes*, 179 F.R.D. at 284 (examining privacy privilege under California); *Upjohn v. Hygeia Biological Labs*, 151 F.R.D. 355, 358 (E.D. Cal. 1993).

The privacy analysis under California law involves balancing privacy rights against the public interest in obtaining just results in litigation. *See Valley Bank v. Superior Court*, 15 Cal.3d 652, 657 (1975). Multiple cases in the last two years—including decisions from the California Supreme Court and Courts of Appeal, and from federal district courts in California—have addressed the issue of the right to privacy that proposed class members have in their contact information. As discussed below, in each of these cases, the court ordered the defendant to disclose the information, either with or without providing class members an opportunity to opt out of such disclosure.

In *Pioneer Electronics (USA), Inc. v. Sup. Ct.*, 40 Cal.4th 360, 372 (2007), the California Supreme Court found that putative consumer class members did not have a reasonable expectation of privacy in their contact information and that the disclosure of such information was not a serious invasion of privacy. The *Pioneer* Court affirmed a trial court ruling ordering proposed class member information to be disclosed after a notice was sent allowing them to opt out of having their information disclosed. *Id.* at 374-75. In ordering the disclosure of the proposed class member information, the Court ultimately saw the issue as one of fundamental fairness—specifically, that it would be unfair to allow one party to control the identities of these witnesses for their own exclusive use in litigation while denying access to the other. *Id.* at 374.

*Belaire-West Landscape, Inc. v. Sup. Ct.*, 149 Cal.App.4th 554 (2007), applied *Pioneer* to a wage-and-hour class action—finding an even greater interest in the disclosure of potential class member contact information, given the public policy underlying California's employment laws. *Id.* at 562. As in *Pioneer*, the *Belaire* court affirmed the trial court's order compelling disclosure of the names and contact information of all proposed class members, subject to an opt-out privacy notice. *Id.* at 561-62. In doing so, it noted not only that the proposed class members were percipient witnesses, but also that they could reasonably be expected to want their information disclosed to a plaintiff who was seeking a class-wide recovery on their behalf.[3]

Even before *Pioneer* and *Belaire* clarified the application of privacy law to facts such as these, District Courts in California ordered disclosure of proposed class member

---

[3] *Id.* at 561 ("Just as the dissatisfied Pioneer customers could be expected to want their information revealed to a class action plaintiff who might obtain relief for the defective DVD players . . . so can current and former Belaire-West employees reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed.")

information under circumstances similar to those present here. *Narayan* and *Wiegle*, both diversity cases removed to federal court, properly applied California law—balancing the relevance of the information sought against the asserted privacy rights and ruling in favor of disclosure, with no need for a privacy notice. *Narayan*, 2006 WL 3507918 at * 2-3; *Wiegle*, 2007 WL 628041 at *2; *see also Jimenez*, 2006 U.S. Dist. LEXIS 66510 at * 5 (ordering disclosure of class members' contact information over defendant's privacy objection). A recent California Court of Appeal case found similarly that a privacy notice was *not* required before disclosure of the contact information of percipient witnesses. *Puerto v. Sup. Ct.*, 158 Cal.App.4th 1242 (2008). The *Puerto* court examined *Pioneer* and *Belaire*, concluding that a privacy notice was not required because it "significantly advantage[d]" the employer. *Id.* at 1250-1258.

In *Salazar*, the Southern District of California applied the privacy analysis of *Pioneer* and *Hill v. NCAA*, 7 Cal. 4th 1 (1994), finding that although the proposed class members had a privacy interest in their contact information, the privacy interests at issue were minimal and outweighed by the need for the disclosure of the information to further the litigation and "the ongoing rights and earnings of workers in the workplace." 2007 WL 2990281 at *2 (citing *Pioneer*, 40 Cal.4th at 371-372). Following *Pioneer*, *Salazar* ordered disclosure of the proposed class members' contact information after giving them a notice allowing them to opt out of such disclosure. *Id.* at *1.

In short, the applicable caselaw overwhelmingly supports Plaintiffs' request for pre-certification release of information containing the names and contact information of class members. Under *Pioneer* and *Belaire*, the disclosure of such information involves "no serious invasion of privacy," *Belaire*, 149 Cal.App.4th at 562, and the balance of opposing interests tilts in favor of disclosing such information to Plaintiffs, who have a right to discover such information and who seek to further a fundamental public policy underlying California's employment laws. *Id.*

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court issue an order compelling Conam to produce documents identifying the names and contact information of all potential class members, without the need of a privacy notice, as the Courts ordered in *Wiegle* and *Narayan*. In the alternative, Plaintiffs request that the Court order that (1) a Notice such as Exhibit A be mailed to proposed class members, and (2) twenty-one days after the Notice is mailed, Conam produce documents containing identifying information of all potential class members who do not request that their identifying information be withheld.

Respectfully Submitted,

Steven M. Tindall
Rukin Hyland Doria & Tindall LLP

                        Ellyn Moscowitz
                        Law Offices of Ellyn Moscowitz

                        Counsel for Plaintiffs Gerald Lee and Steven Taylor

Attachment

CC:    Marcus Torrano (via electronic delivery)

# EXHIBIT A

To: **Current and Former Hourly Employees of Conam Inspection and Engineering Services, Inc., who worked in California at any time since September 2003 in On-Site Construction, Inspection, or Testing Positions**

Two former employees (referred to in this notice as "plaintiffs") have filed a lawsuit against Conam Inspection and Engineering Services, Inc., which plaintiffs are seeking to bring as a class action. The class action has not been certified by the Court at this time. Plaintiffs filed the lawsuit on September 25, 2007 in the United States District Court for the Northern District of California. In the lawsuit, plaintiffs claim that Conam failed to pay its hourly employees overtime compensation, failed to provide employees with adequate meal periods, failed to provide accurate, itemized wage statements, and failed to pay terminated employees all wages that were due and owing at the time of termination. Plaintiffs seek overtime pay, compensation for missed meal breaks, restitution, injunctive and declaratory relief, penalties, and attorneys' fees.

Conam contends that it complied with the law at all times, properly paid overtime to all hourly employees, and provided its employees all legally-required meal periods and itemized wage statements.

The Court must determine whether this lawsuit should proceed as a class action. As part of this process, plaintiffs' counsel has requested the names and addresses of Conam's current and former hourly employees who worked in California at any time since September 2003 in on-site construction, inspection, or testing positions. In the interest of protecting your privacy rights, the Court has ordered the parties to send you this notice so that you can decide whether to authorize Conam to release your personal contact information (that is, your home address and home telephone number) to the plaintiffs' counsel so they may contact you. Your information will not be disclosed to any other person or entity, nor will it be used for any purpose unrelated to this litigation.

If you agree to have your contact information disclosed to plaintiffs' counsel, you do not need to do anything. If you do *not* agree to the disclosure of this information to plaintiffs' counsel, please check the box at the bottom of this page and return it to the address listed. Conam will not retaliate against you in any way for either responding or not responding to this letter. Not responding to this letter will be treated as authorizing the release of your contact information to plaintiffs' counsel.

---

## RELEASE OF IDENTIFYING INFORMATION

_____ **No** - I do not authorize the release of my name, home address, and home telephone number to plaintiffs' counsel in this action against Conam.

Signature: _____   Date: _____

Print Name: _____
      Address: _____

      Telephone: _____

If you do not agree to the disclosure of your contact information, please complete and return this form to the Notice Provider at the following address:

> Conam Notice Provider
> c/o CPT Group, Inc.
> 16630 Aston Street
> Irvine, CA 92606