# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC,<br><br>Defendant. | **CASE NO. 3:07-cv-04956-SI**<br><br>**[PROPOSED] ORDER COMPELLING DISCOVERY RESPONSE**<br><br>**Courtroom:** 10<br>**Judge:** Hon. Susan Illston |

Pursuant to the Court's Standing Order and after meeting and conferring in compliance with Civil L.R. 37-1, Plaintiffs Gerald Lee and Steven Taylor filed a letter brief seeking the Court's intervention in a discovery dispute. Plaintiffs ask the Court to compel Defendant Conam Inspection and Engineering Services, Inc., to produce documents containing the names and identifying information of proposed class members in the case—that is, of all persons who are or were employed in California by Conam as a non-exempt employee in an on-site construction, inspection, or testing position at any time between September 25, 2003 and the present. *See* Complaint at ¶¶ 3, 23. Conam submitted a responsive letter brief. The Court deems the matter submitted on the papers and decides the issue without oral argument.

In response to Plaintiffs' request, Conam asserts that it is not required to produce such

1  information until after class certification and asserts that the proposed class members' privacy
2  rights prevents disclosure.  For the reasons stated below, the Court disagrees with Conam's
3  assertions and Orders that Conam produce documents identifying all proposed class members.
4        The issue before the Court is whether, prior to class certification, Plaintiffs are entitled to
5  discover names and contact information of proposed class members.  Through Document Request
6  No. 48, Plaintiffs seek all documents in Conam's possession identifying the potential class
7  members.  Plaintiffs' request is supported by ample legal authority.  The Federal Rules permit
8  discovery of "any nonprivileged matter that is relevant to any party's claim or defense—*including*
9  *. . . the identity and location of persons who know of any discoverable matter*."  Fed. R. Civ. Pro.
10 26(b)(1) (emphasis added).
11       Because proposed class members are witnesses with information pertinent to liability and
12 class certification, their identifying information is discoverable under Rule 26.  *See Putnam v. Eli*
13 *Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D. Cal. 2007) (requiring employer to produce names
14 and addresses of potential class members so that the plaintiff may develop evidence concerning
15 "the commonality and typicality prongs of Rule 23"); *Salazar v. Avis Budget Group., Inc.,* 2007
16 WL 2990281, *2 (S.D. Cal. 2007) (holding that the proposed class members' contact information
17 is "indeed contemplated under the Federal Rules of Civil Procedure . . . as basic to the discovery
18 process" and ordering pre-certification disclosure); *Babbitt v. Albertson's Inc.,* 1992 WL 6056527
19 * 1, 5 (N.D. Cal. 1990) (allowing discovery of putative class member information because this
20 information was relevant to class certification and the merits); *Wiegle v. Fedex Ground Package*
21 *System,* 2007 WL 628041, * 2 (S.D. Cal. 2007) (ordering disclosure of putative class members'
22 contact information because they possess information concerning plaintiff's claims and class
23 certification).
24       In light of the discoverability of the proposed class members' identifying information, the
25 party resisting discovery—Conam—has the burden of showing why discovery should not be
26 allowed and explaining and supporting its objections.  *Blankenship v. Hearst Corp.,* 519 F.2d
27 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. And Sur. Co.,* 135 F.R.D. 101, 104 (D.
28 N.J. 1990).  Conam fails to carry its burden of demonstrating that this discovery should not be

1 allowed on privacy grounds.

2 Rule 501 of the Federal Rules of Evidence provides that in diversity jurisdiction cases (such as the case here), state law governs claims of privilege. *See In re Ford Motor Co.,* 110 F.3d 954, 965 (3rd Cir. 1997); *Oakes,* 179 F.R.D. at 284 (examining privacy privilege under California); *Upjohn v. Hygeia Biological Labs,* 151 F.R.D. 355, 358 (E.D. Cal. 1993). The privacy analysis under California law involves balancing privacy rights against the public interest in obtaining just results in litigation. *See Valley Bank v. Superior Court,* 15 Cal.3d 652, 657 (1975).

Under the recent cases of *Electronics (USA), Inc. v. Sup. Ct.,* 40 Cal.4th 360, 372 (2007), and *Belaire-West Landscape, Inc. v. Sup. Ct.,* 149 Cal.App.4th 554 (2007), the disclosure of class member names and contact information involves "no serious invasion of privacy," *Belaire,* 149 Cal.App.4th at 562, and the balance of opposing interests tilts in favor of disclosing such information to Plaintiffs, who have a right to discover such information and who seek to further a fundamental public policy underlying California's employment laws. *Id.*

As such, Conam must produce the class member information requested by Plaintiffs. The Court is persuaded by the discussion in *Puerto v. Sup. Ct.,* 158 Cal.App.4th 1242, 1250-58 (2008), and *Wiegle,* 2007 WL 628041, * 3-4, that requiring notice to potential class members and witnesses is unnecessary here.

Because the information requested by Plaintiffs is discoverable, and the balance of opposing interests in the privacy analysis tips in favor of disclosing this information, the Court orders Defendant, within 7 calendar days of this Order, to produce to Plaintiffs all documents containing names and identifying information of proposed class members. Plaintiffs are ordered not to use this information for any purpose other than the litigation of the matter before the Court.

///
///
///
///
///

IT IS SO ORDERED.

DATED: April 3, 2008

———————————————————
HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

-4-
[PROPOSED] ORDER COMPELLING DISCOVERY RESPONSE