1

2   STEVEN M. TINDALL (SBN 187862)
    RUKIN HYLAND DORIA & TINDALL LLP
3   100 Pine Street, Suite 725
    San Francisco, CA  94111
    Telephone: (415) 421-1800
4   Facsimile: (415) 421-1700
    steventindall@rhdtlaw.com
5
    ELLYN MOSCOWITZ (State Bar No. 129287)
6   LAW OFFICES OF ELLYN MOSCOWITZ
    1629 Telegraph Ave, Fourth Floor
7   Oakland, California 94612
    Telephone:  (510) 567-8400
8   Facsimile:   (510) 567-8444
    emoscowitz@moscowitzlaw.com
9
10  Attorneys for Individual and Representative Plaintiffs

11              **UNITED STATES DISTRICT COURT**
12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14  GERALD LEE and STEVEN TAYLOR,
    individually and on behalf of all others
15  similarly situated,                          **CASE NO. 3:07-cv-04956-SI**

16                                               **CLASS ACTION**
                    Plaintiffs,
17                                               **DECLARATION OF STEVEN M.**
           vs.                                   **TINDALL IN SUPPORT OF CLASS**
18                                               **CERTIFICATION MOTION**
    CONAM INSPECTION AND
19  ENGINEERING SERVICES, INC,                   **Date:**  October 3, 2008
                                                 **Time:**  9:00 a.m.
20                  Defendant.                   **Courtroom:**  10
                                                 **Judge:**    Hon. Susan Illston
21

22

23

24

25

26

27

28

1    I, Steven M. Tindall, declare as follows:

2    1.    I am a member of the Bar of the State of California and am admitted to practice

3    before this Court. I am a partner in the law firm of Rukin Hyland Doria & Tindall LLP, co-

4    counsel of record for the individual and proposed representative plaintiffs in this action. I have

5    personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and

6    would testify competently thereto.

7    2.    Along with my co-counsel Ellyn Moscowitz, I have had primary responsibility for

8    the prosecution of this case on behalf of the Plaintiffs since its inception.

9    3.    The following is a brief description of my professional background. I am a 1996

10    graduate of the University of California at Berkeley School of Law (Boalt Hall). Following

11    graduation from law school, I served as law clerk to United States District Court Judges Judith N.

12    Keep of the Southern District of California and Claudia Wilken of the Northern District of

13    California. Thereafter, I was an associate at the San Francisco office of Lieff Cabraser Heimann

14    & Bernstein, LLP, one of the country's premier plaintiffs' class action law firms. In January

15    2002, after three years as an associate, I became a partner in the firm. At Lieff Cabraser, I

16    practiced exclusively class action and complex litigation, specializing in wage and hour class

17    actions. From 1998 until I left Lieff Cabraser at the end of 2006, I represented thousands of

18    employees in many wage and hour class action cases. On January 1, 2007, I became a partner in

19    the firm of Rukin Hyland Doria & Tindall LLP, where I have continued to specialize in class

20    action and complex litigation, with an emphasis on wage and hour class actions.

21    4.    I have served as lead or co-lead counsel in various class action employment cases

22    in federal and state courts, including cases against Micro Dental Laboratories, SBC

23    Communications, TMP Worldwide, Longs Drug Stores, Mountain Center, Sierra Pacific

24    Industries, and T-Mobile. Each of these actions resulted in a settlement worth over $1 million for

25    class members. The settlements in both SBC and Longs were worth over $10 million. I currently

26    am lead or co-lead counsel in pending class action employment litigation in the federal courts

27    against Budget Rent-A-Car, CNF, Inc., and Tata International. My partner Peter Rukin and I

28    were appointed class counsel in a case against Budget Rent-A-Car after successfully moving for

1    class certification. I am also co-class counsel in a massive breach of contract class action pending

2    against Pacific Bell Directory in the Alameda County Superior Court.

3        5.    I am admitted to the State Bar California and the bars of various federal district

4    courts. I am the author of *Do as She Does, Not as She Says: The Shortcomings of Justice*

5    *O'Connor's Direct Evidence Requirement in Price Waterhouse v. Hopkins,* Berkeley Journal of

6    Employment and Labor Law, Vol. 17, No. 2 (1996); and I was a contributing author on California

7    wage and hour class issues to *California Class Actions Practice and Procedure*, (Elizabeth J.

8    Cabraser, Editor), Matthew Bender (2006).

9        6.    On July 15, 2008, I took the deposition of the Federal Rule of Civil Procedure

10    30(b)(6) designee of Conam Inspection and Engineering Services, Inc., Dennis Bertolotti.

11    Attached hereto as Exhibit A is a true and correct copy of the deposition notice prepared for that

12    deposition. Attached hereto as Exhibit B is a true and correct copy of the cover page of the

13    transcript of this deposition and excerpts of this transcript in its mini-script form.

14        7.    Attached hereto as Exhibits C, D, E, F, G, and H are Exhibits 7, 8, 9, 10, 11, and

15    pre-marked Exhibit 3 to the Bertolotti Deposition. Exhibit C is a set of documents Bates stamped

16    CO 019342-019346, which my office received from defense counsel in response to Plaintiffs'

17    document requests. Exhibit D is a document Bates stamped CO 006156-006161, which my office

18    received from defense counsel in response to Plaintiffs' document requests. Exhibit E is the

19    cover page and excerpts from a document Bates stamped CO 019347-019378, which my office

20    received from defense counsel in response to Plaintiffs' document requests. Exhibits F and G are

21    time sheets bearing Plaintiff Steve Taylor's name, with Bates numbers CO 015192 and CO 14412

22    which my office also received from defense counsel in response to Plaintiffs' document requests.

23    Exhibit H is the cover page and excerpts from a document that was pre-marked as Exhibit 3 to the

24    deposition of Steve Taylor. My office received this document from defense counsel in response

25    to Plaintiffs' document requests. It is marked with Bates numbers CON0267-CON0314.

26        8.    On June 12, 2008, I defended the depositions of my clients, Plaintiffs Gerald Lee

27    and Steve Taylor. Attached hereto as Exhibit I is a true and correct copy of the cover page of

28    transcript of the Gerald Lee deposition and excerpts of the mini-script version of the transcript.

1  Attached hereto as Exhibit J is a true and correct copy of the cover page of the transcript of the

2  Steve Taylor deposition and excerpts of the mini-script version of the transcript.

3       9.  Attached hereto as Exhibit K is a true and correct copy of the cover page and

4  excerpts of Defendant Conam Inspection and Engineering Service, Inc.'s Supplemental

5  Response to Plaintiffs' First Set of Request [sic] for Admissions, which my office received on

6  or about June 4, 2008.  In Plaintiffs' First Set of Requests for Admissions, which I drafted,

7  Plaintiffs defined the term "EMPLOYEES" as follows: "testing inspectors, testing technicians,

8  mechanical inspectors, and all other non-exempt employees employed by ConAm in on-site

9  construction, engineering, inspection, or testing occupations on refinery and/or construction

10  projects in California."

11       10.  To date, Conam has produced no documents that purport to relate to any AWS

12  elections held by Conam other than an election held in February 2000 pertaining to the Martinez

13  Refining Company.  No documents relating to any AWS election concerning BP Carson have

14  been produced, and no documents indicating that the results of any such election have been

15  reported to the DLSR have been produced thus far in the case.  Attached hereto as Exhibit L is a

16  true and correct copy of a letter dated July 25, 2008 that I received by facsimile from Candace

17  Bertoldi, in which she indicates that Conam has produced all documents currently in their

18  possession and that Conam is searching for more documents, which will be produced if they are

19  located.  In a phone conversation that I had with Ms. Bertoldi on or about July 24, 2008, she

20  agreed that if Conam locates any additional documents regarding AWS elections held by Conam,

21  that Conam will grant Plaintiffs an extension of time on their time to file a reply brief to allow

22  them to incorporate any such documents into the discussion in their brief.  On July 25, 2008, I

23  sent Ms. Bertoldi a letter confirming this agreement.  Attached hereto as Exhibit M is a copy of

24  that letter.

25       11.  During the course of the litigation, Conam has produced several thousand pages of

26  payroll information and time sheets submitted by Conam employees during the Class Period.

27  Defense Counsel Candace Bertoldi said in her letter of July 25, 2008 that Conam will be

28  producing additional boxes of time sheets and payroll information in the future.  I have reviewed

1  the partial production of payroll and time sheet information that has been made to date and have

2  noted that there are well over 175 hourly employees identified in them.  In addition, I have

3  reviewed the payroll records and time sheets of over 120 Conam employees who were working

4  Alternative Workweek Schedules—that is, they were working nine- or ten-hour days but were

5  being paid straight time (rather than overtime) for the ninth and tenth hour of work in the day.

6  The time sheets of these employees who worked AWS schedules indicate that they were working

7  at facilities such as BP Carson, Shell Martinez/Martinez Refining Company, Exxon Torrance, and

8  Valero.

9        12.      Attached as Exhibit N are time sheets of testing and inspection employees,

10  produced to my office by Conam, who worked more than 10 hours in a day but whose records do

11  not reflect that they took a second meal period.  These are just a sample of the hundreds, if not

12  thousands, of time sheets that I reviewed that similarly do not reflect a second meal period.

13        13.      Attached as Exhibit O are true and correct copies of time sheets of testing and

14  inspection employees, produced to my law firm by Conam, who worked ten-hour days but were

15  paid straight time for the 9th and 10th hour of each day.  These, too, are just a sample of the

16  hundreds, if not thousands, of time sheets that I reviewed that similarly do not overtime pay for

17  the 9th and 10th hours of work.

18        14.      Attached hereto as Exhibit P are true and correct copies of a sample of time sheets

19  of Plaintiff Gerald Lee, produced to my law firm by Conam.

20        15.      Attached hereto as Exhibit Q are true and correct copies of a sample of time sheets

21  of Plaintiff Steve Taylor, produced to my law firm by Conam.

22        16.      During the course of discovery in this case, Plaintiffs requested documents

23  identifying the names and contact information of all persons who worked for Conam in California

24  in inspection and testing occupations.  After initially refusing to provide such documents, Conam

25  agreed to a process by which a third-party administrator selected by the parties (CPT Group, Inc.)

26  would send an "opt-out" notice to a group of such employees consisting of all former employees

27  and one-third of all current employees.  Defense Counsel Candace Bertoldi confirmed Conam's

28  agreement to this process by letter to the Court of April 9, 2006, which my firm received on or

1    about that date. It is Document 21 of the electronically-filed documents in this case. A true and

2    correct copy of it is attached hereto as Exhibit R. On May 2, 2008, I received an email from Tony

3    Dang of CPT Group, informing me that the letter had been sent to the selected group, which

4    totaled 131 proposed class members.

5         17. Throughout the course of this litigation, Plaintiffs Lee and Taylor have shown their

6    ability and willingness to prosecute this action vigorously on behalf of all Conam inspection and

7    testing employees. They have responded to written discovery, prepared for and sat for their

8    depositions, and assisted counsel throughout the case in the prosecution of the action.

9         I declare under penalty of perjury under the laws of the United States and the State of

10    California that the foregoing is true and correct, executed this 1st day of August, 2008 in St.

11    Louis, Missouri.

12

13

14                                  Steven M. Tindall

15

16

17

18

19

20

21

22

23

24

25

26

27

28