1  MARCUS A. TORRANO (SBN 138874)
   CANDACE S. BERTOLDI (SBN 254725)
2  **FULBRIGHT & JAWORSKI L.L.P.**
   555 South Flower Street, 41st Floor
3  Los Angeles, California 90071
   Telephone:     (213) 892-9200
4  Facsimile:     (213) 892-9494
   mtorrano@fulbright.com
5  cbertoldi@fulbright.com

6  Attorneys for Defendant
   CONAM INSPECTION AND ENGINEERING
7  SERVICES, INC.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10
11  GERALD LEE and STEVEN TAYLOR,          )   CASE NO.: C-07-4956-SI
    individually and on behalf of all others similarly  )
12  situated,                              )
                                           )   **DEFENDANT CONAM INSPECTION
13              Plaintiffs,                )   AND ENGINEERING SERVICES,
                                           )   INC.'S EVIDENTIARY OBJECTIONS
14      v.                                 )   TO EVIDENCE PRESENTED IN
                                           )   PLAINTIFFS' MOTION FOR CLASS
15  CONAM INSPECTION AND ENGINEERING       )   CERTIFICATION**
    SERVICES, INC.,                        )
16                                         )   **Date:   October 3, 2008
                Defendant.                 )   Time:   9:00 a.m.
17                                         )   Crtrm: 10
                                           )   Judge:  Hon. Susan Illston**
18  ─────────────────────────────────────  )

19      Defendant Conam Inspection and Engineering Services, Inc. ("Conam") hereby asserts its

20  evidentiary objections to the Declarations of William Bentley, Edward Blanco, Marisol Camargo,

21  Anthony J. Corrado, Hector Cruz, Christopher W. Cutler, Robert Davis, Brandon Deguia, James

22  Falk, Mike McNevin, Yoangel Padilla, Randel P. Prentice, Richard A. Prieto, Kenneth Reeves

23  and Jesse Terrazas submitted in support of Plaintiffs Gerald Lee and Steven Taylor's

24  ("Plaintiffs") pending motion for class certification in the above-referenced matter.

25
26
27
28

### A.    DECLARATION OF WILLIAM BENTLEY

*Evidence*:  *Paragraph 8*:  "In the time that I worked for Conam, I spent approximately 3 weeks (120 hours) completing training courses required by the company.  I was paid only minimum wage for 2 of these weeks (approximately 80 hours), and only half my wage at the time (approximately $11.50 per hour) of 1 of these weeks (approximately 40 hours), for the time spent completing these required training courses.

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period. FED. R. EVID. 402.

### B.    DECLARATION OF EDWARD BLANCO

*Evidence*:  *Paragraph 8*:  "When I began working for Conam, I was required to complete an online safety course on Conam's in-house computer terminals.  I was paid only half time for the hours that it took to complete this required training course."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period. FED. R. EVID. 402.

### C.    DECLARATION OF MARISOL CAMARGO

*Evidence*:  The declaration in its entirety.

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit because the declarant is not a member of the proposed class. The proposed class is defined as all non-exempt, hourly testing and inspection employees that Conam employed from September 2003 to the present. Ms. Camargo is an administrator and therefore, not part of the proposed class. FED. R. EVID. 402.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

### D.     DECLARATION OF ANTHONY J. CORRADO

*Evidence*:  *Paragraph 7:*  "When my contract-based employment ended with Conam, I was not give my last paycheck on my last day of work.  Instead, I received my last paycheck via direct deposit approximately five days after my last day of work."

*Evidentiary Objection:*

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period.  FED. R. EVID. 402.

### E.     DECLARATION OF HECTOR CRUZ

*Evidence*:  *Paragraph 8:*  "In the time that I have worked for Conam, I have spent approximately 2 weeks (approximately 80 hours) to complete training courses required by the company.  I have been paid only half my hourly wage for the hours that it took to complete these required training courses."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period.  FED. R. EVID. 402.

### F.     DECLARATION OF CHRISTOPHER W. CUTLER

*Evidence*:  *Paragraph 7:*  "When my contract-based employment ended with Conam, I was not given my last paycheck on my last day of work.  Instead, I received my last paycheck via direct deposit approximately 7 to 10 days after my last day of work."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period.  FED. R. EVID. 402.

1  **G.    DECLARATION OF ROBERT DAVIS**

2  *Evidence:    Paragraph 8:*    "In approximately February 2007, I purchased a laptop

3  computer so that I submit electronic reports to a Conam client who had requested electronic

4  reports. I only did so after the client threatened to give the contract to a Conam competitor if we

5  did not begin submitting electronic, rather than handwritten, reports. At this time, Conam begain

6  billing the client for the use of the computer that I had purchased. Per Conam's practice with

7  other employees who used personal laptops for business purposes, I began to include a $25

8  charge on my timesheet for each day that I used the computer for business purposes. Conam did

9  not compensate me for the use of my personal computer. In approximately October 2007, I began

10 to submit a separate expense report for $25 for each day that I used the computer for business

11 purposes, and Conam began to pay me sporadically, all while billing the client for every time I

12 used the computer for business purposes. I believe that Conam owes me approximately $1000 for

13 the last four months of my employment alone. I was unsuccessful in obtaining the money from

14 Conam, and the money I believe was owed me for the months prior."

15     *Evidentiary Objection:*

16     This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to

17 properly pay overtime and provide a second meal period. FED. R. EVID. 402.

18

19 **H.    DECLARATION OF BRANDON DEGUIA**

20 *Evidence:    Paragraph 8:*    "In the time that I have worked for Conam, I have spent

21 approximately 4 weeks (approximately 160 hours) completing training courses required by the

22 company. For three of these weeks I was paid minimum wage; for the last week I was paid half

23 of my normal hourly rate.

24     *Objection*:

25     This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to

26 properly pay overtime and provide a second meal period. FED. R. EVID. 402.

27

28

DEFENDANT'S EVIDENTIARY OBJECTIONS        - 4 -
Case No. C-07-4956-SI

1

## I.    DECLARATION OF JAMES FALK

2     *Evidence: Paragraph 8:* "It was my understanding that it was Conam company policy to

3 pay employees only half time for the hours they spent completing a required training program and

4 related exams. In approximately 2007, I underwent a four-day training course. During this time,

5 I worked 11 to 12 hours per day and was only paid half time for these hours. This training course

6 was in addition to 30 hours of normal work that week. I believe I should have been paid overtime

7 for the hours spent in the required training course above 40 hours for that week."

8     *Evidentiary Objection:*

9     This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to

10 properly pay overtime and provide a second meal period. FED. R. EVID. 402. Furthermore, Mr.

11 Falk lacks personal knowledge regarding Conam's company policies for paying employees

12 during training programs and related examinations. FED. R. EVID. 602.

13

14

## J.    DECLARATION OF MIKE MCNEVIN

15     *Evidence: Paragraph 8:* "When my employment with Conam, I did not receive my last

16 pay until approximately 7 days after my last day of work."

17     *Evidentiary Objection:*

18     This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to

19 properly pay overtime and provide a second meal period. FED. R. EVID. 402.

20     *Evidence: Paragraph 9:* "The company garnished most of my final paycheck, telling me

21 that I had signed a paper when I began my employment saying that I agreed to reimburse the

22 company for any training it paid for if I worked there for less than two years. The training I

23 underwent was done in-house at the Benicia office and was free of charge for company

24 employees."

25     *Evidentiary Objection:*

26     This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to

27 properly pay overtime and provide a second meal period. FED. R. EVID. 402.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### K.    DECLARATION OF YOANGEL PADILLA

*Evidence*: *Paragraph 7*: "When I worked for Conam in California, I worked on a project as a contract employee.  When the project ended, my employment was also considered ended. When my work ended at the BP location in Carson, California, I was not given my last paycheck that day.  Instead, I received my last paycheck in the mail approximately two (2) weeks later."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period. FED. R. EVID. 402.

### L.    DECLARATION OF RANDEL P. PRENTICE

*Evidence*: *Paragraph 7*: "Throught my work at Conam, I would work on a project that would end.  When it ended, I was considered terminated and not given a definite date to return to work.  When my work ended on a project, I was not give my last paycheck that day.  Instead, I would receive my last paycheck via direct deposit approximately five to seven days after my last day at work.  This occurred approximately 2 times since 2006."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period. FED. R. EVID. 402.

### M.    DECLARATION OF RICHARD A. PRIETO

*Evidence*: *Paragraph 7*: "At end of my employment with Conam, Conam did not give me my last paycheck on my last day of work.  In fact, I did not receive my last paycheck until approximately one week after the end of my employment."

*Evidentiary Objection*:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period. FED. R. EVID. 402.

1

**N.    DECLARATION OF KENNETH REEVES**

_Evidence_:    _Paragraph 8_:    "When my employment with Conam ended on or about February 7, 2008, I was not given my last paycheck that day.  Instead, I received my last paycheck in the mail approximately one (1) week later."

_Evidentiary Objection_:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period.  FED. R. EVID. 402.

**O.    DECLARATION OF JESSE TERRAZAS**

_Evidence_:  _Paragraph 8_:  "Although I resigned my position with Conam on a Friday, I did not receive my final check until the funds were direct deposited in my bank account the following Thursday."

_Evidentiary Objection_:

This testimony is completely irrelevant to the claims asserted in this lawsuit, i.e., failure to properly pay overtime and provide a second meal period.  FED. R. EVID. 402.

DATED:  August 15, 2008

MARCUS A. TORRANO
CANDACE S. BERTOLDI
FULBRIGHT & JAWORSKI L.L.P.
By

Candace S. Bertoldi
Attorneys for Defendant
CONAM INSPECTION AND
ENGINEERING SERVICES, INC.