1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD LEE and STEVEN TAYLOR,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

    v.

CONAM INSPECTION AND ENGINEERING
SERVICES, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  3:07-CV-04956-SI

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION [REVISED]**

      Plaintiffs' motion for class certification came on for hearing on October 3, 2008.  Parties

for both sides appeared and argued their positions.  Having considered the arguments of the

parties and the papers submitted by the parties, and for good cause shown, the Court hereby

GRANTS Plaintiffs' class certification motion as follows.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

      This litigation concerns the employment policies of Defendant Conam Inspection and

Engineering Services, Inc. ("Conam").  Specifically, Plaintiffs, who were Conam employees

working in California, allege that they and other California employees regularly worked more

than eight hours per day without being paid daily overtime as required by California law.  In

[PROPOSED] ORDER GRANTING
CLASS CERTIFICATION [REVISED]
Case No. C-07-4956-SI

- 1 -

1    addition, they allege that they were not provided second meal periods when they worked more

2    than ten hours in a day.

3            On September 7, 2007, Plaintiffs Gerald Lee and Steve Taylor filed a putative class action

4    complaint against Conam in this Court based on diversity jurisdiction under 28 U.S.C. § 1332 and

5    under the Class Action Fairness Act.  Plaintiffs filed the complaint on behalf of a proposed class

6    of non-exempt testing and inspection employees who worked for Conam in California from

7    September 7, 2003 to the present.  Complaint at ¶ 3.

8            The Complaint alleges claims for (1) failure to pay overtime wages to its employees who

9    were working alternative workweek schedules; (2) failure to provide second meal periods to the

10   proposed Class Members when they worked more than ten hours in a day;  (3) failure to provide

11   proper itemized wage statements—alleging that Conam failed to accurately state all applicable

12   wage rates and failed to include an additional hour of meal period compensation; (4) waiting time

13   penalties for failure to pay all of its terminated employees all wages they are due at the time of

14   termination; and (5) violations of California Business & Professions Code § 17200 *et seq.*, based

15   on the alleged violations asserted in the other claims.

16           Plaintiffs move for certification of the following Class and Subclass:  (1) a Class of all

17   persons who worked for Conam Inspection and Engineering Services, Inc., in California as non-

18   exempt employees in an inspection or testing occupation at any time from September 25, 2003

19   until the present, and (2) a Subclass of these inspection and testing employees who worked and

20   were paid pursuant to a 4/10 or 9/80 Alternative Workweek Schedule.

21   **II.    Legal Standard**

22           In order for a case to be certified as a class action, the plaintiff must establish that the four

23   prerequisites of Federal Rule of Civil Procedure 23(a) are met, and that at least one of the bases

24   identified in Rule 23(b) applies.  *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186

25   (9th Cir. 2001), *amended*, 274 F.3d 1266 (9th Cir. 2001)**.**  Rule 23(a) requires first that the class be

26   sufficiently numerous—that is, the class must be so numerous that joinder of all class members

27   individually is impracticable.  Fed.R.Civ.Pro. 23(a)(1).  Second, there must be questions of law or

28

1  fact that are common to the class.  *Id.,* 23(a)(2).  Third, the claims of the proposed class

2  representatives must be typical of the claims of the class—that is, the named plaintiffs must

3  possess the same interests and have suffered the same injury as the proposed class members.  *Id.,*

4  23(a)(3); *see General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982).  Finally, the

5  proposed class representatives must be able to fairly and adequately protect the interests of the

6  class members.  *Id.* at 23(a)(4).

7      In addition to satisfying Rule 23(a), the plaintiff must demonstrate that one of the grounds

8  of Rule 23(b) is satisfied.  The portion of Rule 23(b) applicable here is 23(b)(3), under which

9  class certification is appropriate if (1) the questions of law and fact that are common to the class

10  predominate over questions that affect the individual class members, and (2) a class action is

11  superior to other available means for adjudicating the controversy.  *See* Rule 23(b)(3).

12      The plaintiff bears the burden of demonstrating that class certification is appropriate under

13  Rule 23.  "Because the early resolution of the class certification question requires some degree of

14  speculation . . . all that is required is that the Court form a 'reasonable judgment' on each class

15  certification requirement."  *In re Citric Acid Antitrust Litig.,* 1996 WL 655791, *2 (N.D. Cal.

16  1996) (Smith, J.).  In making this judgment, "the Court may properly consider both the

17  allegations of the class action complaint and the supplemental evidentiary submissions of the

18  parties."  *Id.*  The Court is obliged to accept as true the substantive allegations that the plaintiffs

19  made in the complaint, but must also consider the nature and range of proof necessary to establish

20  those allegations.  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,

21  691 F.2d 1335, 1342 (9th Cir. 1982).

22      As discussed below, Plaintiffs here fully satisfy the requirements of Rule 23(a) and (b)(3)

23  as to both the proposed Class and Subclass.

24  **III.    Plaintiffs Meet the Class Certification Standards of Rule 23**

25      **A.    Rule 23(a) Requirements**

26          **1.    The Proposed Class and Subclass are Sufficiently Numerous**

27      The numerosity requirement is easily satisfied here.  "Generally speaking, courts will find

28

1  that the numerosity requirement has been satisfied when the class comprises 40 or more members

2  and will find that it has not been satisfied when the class comprises 21 or fewer." *Ansari v. New*

3  *York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998); *see Consolidated Rail Corp. v. Town of Hyde*

4  *Park,* 47 F.3d 473, 483 (2nd Cir. 1995) (numerosity is presumed at the level of 40 class members);

5  *Whiteway,* 2006 WL 2642528, *4 (same).  A Ninth Circuit case has held that as few as 39 class

6  members may be sufficient to satisfy the numerosity requirement.  *Jordan v. Los Angels County,*

7  669 F.2d 1311, 1319-20 (9th Cir. 1982), *rev'd on other grounds,* 713 F.2d 503 (9th Cir. 1983).

8      Here, the evidence before the Court indicates a Class size of well over 175 inspection and

9  testing employees in California and a Subclass size of well over 100 employees who were paid

10  pursuant to a 4/10 or 9/80 AWS.  Conam does not contest numerosity

11                **2.      Common Issues of Fact and Law Are Present**

12      Under the second prerequisite of Rule 23(a), common questions of law or fact must exist

13  among class members, though the showing needed to satisfy this prerequisite is "minimal."  *See*

14  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998); *Tierno v. Rite Aid Corp.*, 2006

15  WL 2533056, *2 (N.D. Cal. 2006) (Henderson, J.).  Ninth Circuit courts have construed the

16  commonality requirement "permissively," noting that "[t]he existence of shared legal issues with

17  divergent factual predicates is sufficient, as is a common core of salient facts coupled with

18  disparate legal remedies within the class."  *Hanlon,* 150 F.3d at 1019.

19      Plaintiffs readily meet the commonality requirement here because the Class and Subclass

20  share both legal issues and a common core of salient facts, and Conam does not appear to contest

21  commonality under Rule 23(a).  As to the Class, the following legal and factual questions, among

22  others are common:  (1) whether Conam's meal period policy discouraged employees from taking

23  second meal periods after they worked ten hours in a day; (2) whether Conam's meal period

24  policy was unlawful under the California Labor Code; and (3) whether Conam failed to maintain

25  accurate pay records as a result of its alleged second meal period violations.

26      Common factual and legal questions also exist as to the Subclass:  (1) whether Conam

27  failed to pay daily overtime pay to its employees who worked an AWS schedule; (2) whether

28

1    Conam instituted a valid AWS at its work locations in California and, if it did so, (3) when,

2    during the Class Period, any such valid AWS was in effect; and (4) whether, as a result of its

3    alleged overtime violations, Conam failed to maintain accurate pay records.

4        These common legal and factual questions are sufficient to satisfy Rule 23(a)(3) as to both

5    the Class and Subclass.

6            **3.    Plaintiffs have Claims Typical of the Class and Subclass**

7        Typicality focuses on whether the claims of the proposed class representative are similar

8    to, or typical of, the class claims.  The purpose of the typicality requirement is to ensure that the

9    class representative is motivated to protect the interests of the class.  *Eisenburg v. Gagnon,* 766

10   F.2d 770, 786 (3rd Cir. 1985).  "Similar to its interpretation of Rule 23(a)(2) commonality, the

11   Ninth Circuit interprets Rule 23(a)(3) permissively."  *Bates v. United Parcel Service*, 204 F.R.D.

12   440, 446 (N.D. Cal. 2001) (Henderson, J.) (citing *Hanlon,* 150 F.3d at 1020).

13       Plaintiffs' claims for second meal period violations, overtime pay, itemized wage

14   statement penalties, and waiting time penalties and the claims of the Class and Subclass for these

15   same Labor Code violations all arise from the same course of conduct:  (1) Conam's statewide

16   failure to provide second meal periods when its inspection and testing employees worked more

17   than ten hours in a day, and (2) Conam's practice of maintaining AWS schedules at certain work

18   locations and thereby failing to pay overtime pay for the ninth and tenth hour of each workday

19   without having properly conducted AWS elections.

20       Plaintiffs' action is based on conduct which is not unique to them but which affected all

21   members of the proposed Class and Subclass.

22       Because Plaintiffs' wage and hour claims arise from the same course of conduct as the

23   wage and hour claims of the Class, Plaintiffs' claims are typical of those of the Class and

24   Subclass.

25

26       ///

27       ///

28

[PROPOSED] ORDER GRANTING CLASS            -5-
CERTIFICATION [REVISED]
Case No. C-07-4956-SI

4.     **Plaintiffs Will Fairly and Adequately Represent the Class and Subclass**

The adequacy requirement turns on whether the plaintiff has interests similar to those of the class members, has the motivation to further the interests of the class, and has retained qualified, competent counsel.  The Ninth Circuit has identified two criteria for determining the adequacy of representation:  "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (certifying action for unpaid overtime wages).  Both criteria are met here, and Conam does not contest adequacy.

First, Plaintiffs Lee and Taylor have shown their willingness to prosecute this action vigorously on behalf of all Conam inspection and testing employees.  Plaintiffs have also retained as their counsel experienced class action litigators with extensive background in wage and hour class actions.  Plaintiffs' Counsel Steven Tindall and Ellyn Moscowitz have substantial experience employment class action litigation.

Second, Plaintiffs have no interests that are antagonistic to, or in conflict with, the Class or Subclass.  Plaintiffs' interests here are closely aligned with those of the Class and Subclass because, like other Conam testing and inspection employees, they (1) worked more than ten hour days without receiving second meal periods; (2) worked overtime hours for which they did not receive overtime pay; and (3) have not received proper itemized wage statements.

Because Plaintiffs are motivated and able to fairly protect the interests of all Class and Subclass Members, have retained competent counsel, and have no interests antagonistic to the Class and Subclass, they are adequate under Rule 23(a)(4).

B.     **Rule 23(b)(3) Requirements**

Plaintiffs satisfy Rule 23(b)(3) because (1) common issues of fact and law predominate over issues affecting only individual class and Subclass members, and (2) a class action is superior to other means available to fairly and efficiently adjudicate this controversy.  Fed. R. Civ. P. 23(b)(3).

**1.      Common Questions Predominate Over Individual Ones**

The predominance inquiry "'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hanlon,* 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). Certification under Rule 23(b)(3) "is appropriate 'whenever the actual interests of the parties can be served best by settling their differences in a single action.'" *Id.* (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1777 (2d ed.1986)).

The central factual and legal issues in the case—(1) whether Conam's policy and practice with regard to second meal breaks discouraged or prevented its employees from taking meal periods after they worked more than 10 hours in a day, and (2) whether Conam validly implemented an alternative workweek schedule for its employees who were assigned to work such schedules—are both susceptible to common proof. On the first issue, Plaintiffs can present (1) evidence that Conam's class-wide policy and practice was to make no effort to inform its employees of their rights to a second meal period; (2) evidence that Conam's class-wide policy and practice was never to ask its employees to waive their rights to a second meal period, either orally or in writing; and (3) evidence that on a Class-wide basis, Conam inspection and testing employees virtually never took a second meal break when they worked more than ten hours in a day. After presentation of this evidence—and of Conam's evidence to the contrary—the Court and jury can determine whether Conam's meal period policy and practice discouraged and impeded employees from taking second meal periods under California law.

On the issue of whether Conam validly implemented an alternative workweek schedule, Plaintiffs can present evidence regarding the absence or invalidity of AWS elections that occurred during the Class Period. Defendant can counter with evidence demonstrating the validity of its AWS schedules. These issues do not require individual adjudication as to any particular Subclass Member. At a single trial, therefore, the Court and jury can determine whether or not Conam had implemented a valid AWS at any of its work locations.

1    Because these key issues are susceptible to common proof, the Court can therefore resolve

2    significant aspects of this case on a class-wide basis, as well as the following additional common

3    factual and legal issues:

- whether Conam failed to maintain accurate pay records as a result of its alleged meal period and overtime violations;

- whether Conam's failure to maintain such accurate records was knowing and intentional;

- whether Conam is liable to its former testing and inspection employees for waiting time penalties as a result of its failure to provide second meal periods and its failure to pay overtime; and

- whether Conam's policy of not providing second meal periods and of failing to pay overtime when employees worked ten-hour days constituted an unfair business practice under California law.

Because the issues identified above relate to the overarching questions of whether Conam had an overall policy with regard to meal breaks and alternative workweek schedules—and whether these policies violated California law, the common issues predominate over any individual questions.

### 2.    A Class Action is Superior to Other Available Means of Resolving this Controversy

Second, the class action device is the superior method for resolving Plaintiffs' claims. When a class-wide adjudication of common issues "will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation . . . ." *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir. 1996). Moreover, "if no realistic alternative exists," class litigation is certainly superior. *Id.,* at 1234-35.

A class action here is superior to any available alternatives because it furthers the interests of judicial economy. In the absence of class litigation, individual Conam employees seeking overtime pay for hours worked during ten-hour days would need to repeatedly litigate the same legal and factual issues: whether Conam validly implemented an AWS and whether Conam's

[PROPOSED] ORDER GRANTING CLASS        -8-
CERTIFICATION [REVISED]
Case No. C-07-4956-SI

1  uniform second meal policy adequately provided a second meal period as required by California

2  law.  These issues can be adjudicated at a class trial for all proposed Class and Subclass Members.

3        Moreover, a class action is superior to individual actions because individual Conam

4  employees may lack the resources to pursue individual litigation against a large, well-funded

5  entity such as Conam.  *See Krzesniak v. Cendant Corp.,* 2007 WL 1795703 (N.D. Cal., June 20,

6  2007), *18.  A class action is also superior to individual administrative proceedings before the

7  California Labor Commissioner.  *See Bell v. Farmers Ins. Exchange,* 115 Cal. App. 4th 715, 745-

8  746 (2004) (rejecting trial court's holding that the availability of administrative proceedings

9  before the Labor Commissioner precluded a finding of superiority).

10 **IV.    Conclusion**

11       For the foregoing reasons, and for good cause shown, the Court GRANTS Plaintiffs' class

12 certification motion and hereby certifies the following class and subclass:

13       (1) a Class of all persons who worked in California for Conam Inspection and Engineering

14 Services, Inc., as a non-exempt employee in an inspection or testing occupation at any time from

15 September 25, 2003 until the present; and

16       (2) a Subclass of these employees who worked and were paid pursuant to a 4/10 or 9/80

17 AWS.

18

19       **IT IS SO ORDERED.**

20

21 Date:  _____                          _____

22                                                       Hon. Susan Illston
                                                         United States District Court Judge

23

24

25

26

27

28