UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE and STEVEN TAYLOR, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>CONAM INSPECTION AND ENGINEERING SERVICES, INC.,<br><br>    Defendant. | CASE NO.: 3:07-CV-04956-SI<br><br>REVISED [PROPOSED] ORDER (1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) AWARDING CLASS REPRESENTATIVE SERVICE PAYMENTS; AND (3) AWARDING ATTORNEYS' FEES AND COSTS |

Plaintiffs' motion for final approval of a class action settlement, class representative service payments, and attorneys' fees and costs came on for hearing before this Court on June 19, 2009. Counsel for both sides appeared. The Court, having reviewed the papers and documents presented, heard the statements of counsel, considered the matter, and for good cause shown, the Court hereby ORDERS the following:

    1. The Court GRANTS final approval of the Settlement and the Settlement Class based upon the terms set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Settlement" or "Stipulation") filed by the

REVISED PROPOSED] ORDER     - 1 -
GRANTING FINAL SETTLEMENT
APPROVAL
Case No. C-07-4956-SI

parties. The Court has considered the factors identified in *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) and finds that the terms of the Settlement are fair, adequate, and reasonable to the Class. In making this finding, the Court considered the nature of the claims, the amounts and kinds of benefits to be paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the Settlement was the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties and does not improperly grant preferential treatment to any individual class member. Accordingly, the Court finds that the Settlement was entered into in good faith.

2. The Court finds that Notice of Class Action Settlement was properly distributed to Class Members and that the notice procedure met the requirements of due process and provided the best notice practicable under the circumstances. The Court approves the procedure that allowed Class Members to participate in, to opt out of, and to object to the Settlement as set forth in the Notice.

3. The Court confirms the conditional certification of the Settlement Class preliminarily certified by Order of February 20, 2009, in accordance with the Stipulation and for the purpose of this Settlement only. The Court also confirms Rukin Hyland Doria & Tindall LLP and the Law Offices of Ellyn Moscowitz as Class Counsel. The Court approves the two opt-out requests received by the Claims Administrator, CPT Group., Inc. (and attached as exhibits to the declaration previously filed by the CPT Group representative) and finds that these two Conam employees have properly excluded themselves from the Class.

4. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument submitted by Class Counsel, the Court hereby awards Class Counsel

attorneys' fees in the amount of $437,500 and litigation costs in the amount of $22,966.96, to be paid from the Settlement Fund, as final payment for attorneys' fees and costs incurred by or owed to Class Counsel. The Court finds the award of attorneys' fees to be supported by both methods used in awarding attorneys' fees—the lodestar/multiplier method and the percentage-of-the-fund method. The Court finds further that the litigation costs were reasonably incurred and should be reimbursed to Class Counsel in addition to the attorneys' fees awarded.

5. The Court finds the Claims Administrator's (CPT Group, Inc.'s) fees of $19,449.28 in administering the Settlement are reasonable.

6. The Court hereby approves and orders service payments in the amount of $10,000 to Class Representatives Gerald Lee and Steve Taylor. These payments are made to recognize these Plaintiffs' service to the Class and the risk they undertook in bringing the action.

**IT IS SO ORDERED.**

Date: 6/19/09

_Susan Illston_
Hon. Susan Illston
United States District Court Judge